## S. B. HOVEY ET AL. V. JAS. L. SHEPHERD.

### No. 2393.   Decided May 22, 1912.

**1.—Jurisdiction of Supreme Court—Writ of Prohibition.**

Under the authority conferred on it by the Constitution (art. 5, sec. 3) to issue such other writs as may be necessary to enforce its jurisdiction, the Supreme Court has power, in an original proceeding for that purpose, to issue the writ of prohibition to a district judge, where necessary to prevent such officer from nullifying by injunction the effect of a judgment of that court. (Pp. 242, 243.)

**2.—Same—Judgment—Parties—Public Rights.**

Where the matter adjudicated in an action affected the interest of the public, as distinguished from the private interest of the citizens of the plaintiff city, all citizens are bound thereby, though not parties to the suit.   (P. 243.)

**3.—Same—Case Stated.**

The City of Sweetwater brought suit to restrain a railway company from removing its offices and shops from such city.   The right to enjoin such act was based on a claim that, by a contract of the railway to which the defendant company succeeded, and by which it was bound, with a committee of citizens of Sweetwater, defendant had undertaken to establish and maintain its offices and shops at that place.   The final judgment of the Supreme Court on writ of error was that plaintiff's injunction be dissolved and that it take nothing by its suit.   While this case was still pending on motion for rehearing, certain citizens of Sweetwater applied for and obtained a writ of injunction to the same effect as the previous one, basing their right to sue on the same contract and facts as had the city.   This, on appeal, being dissolved by the Court of Civil Appeals, they cited the company to appear and answer another applica-tion for injunction to the same purpose as that dissolved.   Held, that the rights of the citizens were concluded in the first action by the judgment of the Supreme Court, and that court, in the necessary enforcement of its jurisdiction, issues writ of prohibition to the district judge and the plaintiffs seeking such injunction against further interference with the right secured to the railway company by its judgment.   (Pp. 242-245.)

Original application by Hovey and others to the Supreme Court for writ of prohibition against Shepherd as district judge.   The writ was sought to prevent interference by injunction with the judgment rendered in City of Sweetwater. v. Kansas City M. & O. Ry. Co. of Tex., 104 Texas, 329.   S. A. Cole and others, the persons seeking such injunction, intervened to resist the granting of the writ sought by relators.

*H. S. Garrett, Higgins, Hamilton & Taylor, Blanks, Collins & Jack-son, Spoonts, Thompson & Barwise,* and *Wright, Wynn & Bartholo-*

*mew,* for relators.—''The Supreme Court shall have the power, upon affidavit or otherwise, as the court may determine, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction.'' Art. 945, Revised Statutes of Texas (1897). The Supreme Court will take judicial notice of the record of a case formerly adjudicated by it, where it is necessary to protect or enforce the judgment of the court in said cause by injunctive process. Art. 945, Rev. Stats., 1897; Wood v. Cahill, 21 Texas Civ. App., 38; Farrar v. Bates, 55 Texas, 193; Long v. Wortham, 4 Texas, 381; Sawyer v. First National Bank, 41 Texas Civ. App., 486; Jackson v. West, 22 Texas Civ. App., 483; Warren v. Fredericks, 83 Texas, 380; Blum v. Stein, 68 Texas 608; Avocato v. Dell'Ara, 84 S. W., 444; Sawyer v. Bank, 41 Texas Civ. App., 486; Doremus v. Root, 23 Wash., 721, 54 L. R. A., 649; Butler v. Eaton, 141 U. S., 240; Creamer v. State, 168 U. S., 129; Bresnahan v. Tripp Giant Leveler Co., 19 C. C. A., 237; Gardner v. Barry, 6 Wall., 499; 16 Cyc., secs. 921, 922, 923 and 924; Decennial Edition Amer. Dig., App. and Error, sec. 1097.

In the case of the Kansas City, Mexico & Orient Railway Company of Texas, plaintiff in error, v. City of Sweetwater, defendant in error, No. 2212 on the docket of this court, defendant in error, the City of Sweetwater, plaintiff in the lower court, sued for itself and in its own behalf, and also for and in behalf of all its citizens, including the intervenors herein, S. A. Cole et. al., to obtain specific relief in which all of its citizens, including said intervenors herein, had a common and similar interest as citizens of the municipality; hence the decision of this court in said cause No. 2212 is res adjudicata as against subsequent suit by citizens of the City of Sweetwater, including the intervenors herein, involving the same subject matter and seeking the same relief upon the same grounds. Cromwell v. Sac County, 94 U. S., 351; Lock v. Commonwealth, 113 Ky., 864; McIntosh v. City of Pittsburg, 112 Fed., 705; Robbins v. Chicago, 4 Wall., 657; Riverside County v. Thompson, 59 C. C. A. 70; Freeman on Judgments, secs. 176, 177, 178; Sabin v. Sherman, 28 Kan., 289; Griffith v. City of Vicksburg Water Works Co., 88 Miss., 371; Girardin v. Missouri Pac. Ry. Co., 81 Texas, 472, 26 Am. St., 829; 28 Cyc., 1771 P.; 23 Cyc., 1067 (Note 91), 1279, and see 23 Cyc., 1215 *et seq.* for general discussion of *Res Adjudicata;* 23 Cyc., 1269.

The first amended petition of the intervenors herein, in the case of S. A. Cole et. al. v. Kansas City, Mexico & Orient Railway of Texas, No. 1108 in the District Court of Nolan County, Texas, involves the same subject matter and issues, and seeks the same relief which was adjudicated for said intervenors by the suit of the City of Sweetwater in their behalf in the case of Kansas City, Mexico & Orient Railway of Texas, plaintiff in error, v. City of Sweetwater, defendant in error, No. 2212 on the docket of this court. Kansas City, M. & O. Ry. Co. v. City of Sweetwater, 104 Texas, 329; Kansas City, M. & O. Ry. Co. v. S. A. Cole et. al., decision of Court of Civil Appeals, Fort Worth; Richardson v. Trout, 135 S. W., 677; Girardin v. Dean, 49 Texas, 243; Cromwell v. Sac County, 94 U. S., 351; Bomar v. Parker, 68 Texas, 435; McCalley v. Wilburn, 77 Ala., 549; Southern Pac. Ry. Co. v. United States, 168 U. S., 1; Foster v. The Richard

Busteed, 100 Mass., 412, 1 Am. Rep., 125; Development Co. of America v. King, 96 C. C. A., 139; Sound Inv. Co. v. Bellingham Bay L. Co., 53 Wash., 470; Great Northern Ry. Co. v. Snohomish County, 54 Wash., 23; Hubbary v. Lee, 102 Pac., 528; Barnes v. Plessner, 137 Mo. App., 571; Menasha Wooden Ware Co. v. Nelson, 53 Wash., 160; Roach v. Sanborn L. Co., 140 Wis., 435; Crotty v. Chicago G. W. Ry. Co., 95 C. C. A., 91; Messinger v. Anderson, 96 C. C. A., 445; Holberg v. Foucar, 119 S. W., 653.

The Supreme Court and the Judges thereof are invested with the power to grant all necessary rights to enforce its own jurisdiction. Constitution of Texas, art. 5, sec. 3; Revised Civil Statutes, art. 946; Pickle v. McCall, 86 Texas 212; Terrell v. Green, 88 Texas, 545; McKenzie v. Baker, 88 Texas, 669; DePoyster v. Baker, 89 Texas, 160; Jernigan v. Finley, 90 Texas, 210; Schintz v. Morris, 13 Texas Civ. App., 580; Gordon v. Wilson, 101 Texas, 43; State v. Young, 12 So., 673; Exparte Parker, 120 U. S., 737; State v. Phillips, 97 Mo., 331; Hudson v. Parker, 156 U. S., 286; Brown v. Mining Company, 63 N. W., 1001; Railway Co. v. Paul, 19 S. E., 551; In Re Hohorst, 150 U. S., 663; In Re Pennsylvania Co. 137 U. S., 451; Harrington v. Holber, 111 U. S., 796; Railway v. Winsell, 23 Wall., 507; Ex Parte Schollenberger, 96 U. S., 374; Exparte Bradstreet, 7 Pet., 647; Beguhl v. Swan, 39 Cal., 411; State v. Loughlin, 75 Mo., 359; Water Co. v. Rivers, 14 N. W., 433; State v. Court, 73 Mo., 560; Castello v. St. Louis, 28 Mo., 259; Ex Parte Low, 20 Ala., 330; Schonhoff v. O'Brian, 14 S. W., 933; Reagan v. Copeland, 28 Texas, 551; State v. Stratton, 19 S. W., 803; Wells v. Littlefield, 62 Texas, 30; Terrell v. Greene, 88 Texas, 539; Schulze v. McLeary, 73 Texas, 92; Kleburg v. McManns, 66 Texas, 48; Alburg v. Beavers, 6 Texas, 457; Lloyd v. Brinck, 35 Texas, 6; Tabb on Mand., 154; Livingston v. Dorenois, 7 Cranch, 589; Insurance Co. v. Wilson hrs. 8 Pet., 291; State v. Todd, 4 Ham. (Ohio), 351; People v. Judges of Westminster, 2 Johns, 118; Delevane v. Boardman, 5 Wend., 132; Com. v. Justices, 9 Mass., 387; Com. v. Justices, 5 Mass., 434; Arberry v. Beavers, 6 Texas, 465; Townes on Pleadings, 388 et. seq.; 3 Bl. Comm., 112; Cal. Code Civ. Proc., sec. 1102; Black's Law Dictionary, 951, 748; Ex Parte Williams, 38 Am. Dec., 46.

Questions determined on a former appeal, decided by the Court of Appeals or Supreme Court, whether right or wrong become and are the law of the case and are res adjudicata between the parties, not only as to all matters pleaded but as to all the matters necessarily involved and which might have been pleaded. Development Co. of Am. v. King, 96 C. C. A., 139; South Inv. Co. v. Bellingham Bay L. Co., 53 Wash., 470; Great Northern Ry. Co. v. Snohomish County, 54 Wash., 23; Hubbard v. Lee, 102 Pac., 528; Griffith v. City of Vicksburg, 3 Am. & Eng. Cases, 30; Barnes v. Plessner, 130 Mo. App., 571; Menash Wooden Ware Co. v. Nelson, 53 Wash., 160; Roach v. Sanborn Land Co., 140 Wis., 435; Crotty v. Chicago G. W. Ry. Co., 95 C. C. A., 91; Messinger v. Anderson, 96 C. C. A., 445; Gould v. Evansville Ry. Co., 91 U. S., 526; Holbarg v. Foucar, 119 S. W., 653; Amoso City v. West, 7 Wall., 82; Bomar v. Parker, 68 Texas, 437; Robbins v. Chicago, 4 Wall., 657.

Courts take judicial notice of their own records, including records in cases tried in and removed from another court, that is, to say such records, if relevant, need not be introduced in evidence. 16 Cyc., secs. 921, 922, 923, 924; Savage v. State, 138 S. W., 211; Wood v. Cahill, 21 T. C. A. 44, 50 S. W., 1071; Warren v. Fredericks, 83 T., 380; 18 S. W., 750; Blum v. Stein, 68 T., 608, 5 S. W., 454; Avocato v. Dell'Ara, 84 S. W., 444; Sawyer v. Bank, 41 Texas Civ. App., 486; Doremus v. Root, 23 Wash., 721; State v. Bowen, 16 Kan., 477; Gans v. Holland, 37 Ark., 485; State v. Jackson, 35 La. Ann., 769; Poole v. Seney, 70 Ia., 275, 24 N. W., 520, 30 N. W., 634; Brucker v. State, 19 Wis., 539; Butler v. Eaton, 141 U. S., 240 11, Sup. Ct., 985, 35 L. Ed., 713; Creamer v. State, 168 U. S., 129, 18 Sup. Ct. 1, 42 L. Ed., 407; Bresnahan v. Tripp, G. L. Co., 72 Fed., 922, 19 C. C. A., 237; Cuchaman Co. v. Goddard, 95 Fed. 666, 37 C. C. A., 221; Hallenbeck v. Schnabel, 101 Cal. 212, 35 Pac., 872, 40 Amer. Stat., 57; Robinson v. Brown, 82 Ill., 279; Conloe Lbr. Co. v. Meyer, 74 Ia. 403, 38 N. W., 117; McGuire v. State, 76 Miss. 504, 25 So., 495; State v. Nerich, 110 Mo. 350, 19 S. W., 356; State v. Dougherty, 106 Mo. 182, 17 S. W., 303; Gardiner v. Barry, 6 Wall. 499, 18 L. Ed., 890; Elliott v. Bunce, 103 P. 897, 10 Cal. App., 741; Elizalde v. Murphy, 103 P. 904; Dist. of Columbia v. Brewer, 32 App. D. C., 388; Tomlin v. Harper, 65 S. E. 1093, 6 Ga. App., 808; Dukeman v. Cleveland, C. C. & St. L. Ry. Co., 142 Ill. App., 622, judgment affirmed, 86 N. E., 712; Tice v. Chicago, P. & St. L. Ry. Co., 142 Ill. App., 577; Hallowell v. McLaughlin Bros., 121 N. W., 1039; Graham v. Chicago & N. W. Ry. Co., 122 N. W., 573; In re Cook's Estate, 122 N. W., 578; Lemon v. Sigourney Sav. Bank, 122 N. W., 939; Buck Stove & Range Co. v. Vickers, 101 P. 668, 80 Kan., 29; Gracey v. City of St. Louis, 221 Mo., 1; In re Rieger's Estate, 85 Neb., 221; Bettie v. Tiedgen, 85 Neb., 276; De Palma v. Wienman, 103 Pac., 782; Kirkwood v. Smith, 132 App. Div., N. Y., 758; Trombley & Carrier Co. v. Seligman, 133 App. Div., N. Y., 525; Newton v. Hunt, 134 App. Div., N. Y., 325; Taylor v. Taylor, 103 Pac., 524; Teakle v. San Pedro, L. A. & S. L. R. Co., 102 Pac., 635; American Digest, App. and Error, sec. 1097; Mexican Central Ry. Co. v. Goodman, 55 S. W., 372; Sisk v. Joyce, 68 S. W., 372; Nashville C. & St. L. Ry. Co. v. Grayson County Nat'l Bank, 100 Texas, 17; Amer. Dig. (Dec. ed.), App. and Error, sec. 1097; South Ottoway v. Perkins, 94 U. S., 260; Hancock v. Diamond Co., 37 Ind. App., 351; Cluggish v. Koons, 15 Ind. App., 599, 7 Enc. of Ev., 947, 1004, 1005, 1007.

*R. C. Crane, Beall & Beall,* and *Stephens & Miller,* for intervenors. —The consideration paid by intervenors and other citizens of the unincorparted town of Sweetwater to the Colorado Valley Railway Company for its undertaking to locate and forever maintain the general offices and machine shops of said railway company at Sweetwater, as provided in the contract between it and a committee of said citizens made about July, 1897, entitled them under the provisions of Art. 4367 of the Revised Statutes to maintain an action by injunction against said railway company to prevent the removal of said general offices and machine shops from Sweetwater, and this

right was preserved and kept alive in the reorganization of said company which took place about two years thereafter, to-wit, in the year 1899, in which the name of the company was changed from the Colorado Valley Railway Company to the Panhandle & Gulf Railway Company, which railway company, under its new name and charter, adopted and undertook to carry out said original contract, naming Sweetwater in its charter as the place for its general offices in consideration of the conveyance to it of the assets of the old company aggregating about $100,000.00 in value; and in order to effect this, intervenors and others, in pursuance of said plan of reorganization, surrendered their bonds secured by a lien on the properties of the old company for shares of stock in the new company. Rev. Statutes, Art. 4367; City of Tyler v. St. Louis-S. W. Ry Co., 99 Texas, 491; Rev. Stats., arts. 4369, 2989; Sumner v. Crawford, 91 Texas, 129; S. W. Tel. & Tel. Co. v. Smithdeal, 136 S. W., 1049; Rev. Stats., arts. 4549, 4550, 4584d; Texas Southern Ry. Co. v. Harle, 105 S. W., 1107.

Intervenors were entitled to maintain an action in their own names as well as in behalf of others similarly situated, as set forth in their said amended petition, on the contracts made in 1897 with a committee of the citizens of Sweetwater by the Colorado Valley Railway Company and reaffirmed in 1899 by the Panhandle & Gulf Railway Company, which is now the Kansas City, Mexico & Orient Railway Company of Texas, said contracts having been made and adopted for their benefit for a valuable consideration paid by them to said railway company, the said committee of citizens being treated merely as agents for them in making said original contract. Darnall v. Lyon, 85 Texas, p. 455; Batsell v. St. Louis A. & P. Ry. Co., 23 S. W., p. 552, and numerous other cases.

In the suit brought by the City of Sweetwater and some of the citizens of Sweetwater, in which said original contract with a committee of the citizens was pleaded, it was held by the trial court (and this ruling was not disturbed on appeal) that there was a misjoinder both of parties and of causes of action, and said citizens of Sweetwater were dismissed from said suit, and on the trial the said City of Sweetwater was limited, as to the basis of its recovery, to the contract of May, 1903, and this was the position contended for by the Kansas City, Mexico & Orient Railway Company of Texas both in the trial court and in this court on said appeal.

It is too well settled to require the citation of authorities that a judgment, even between the same parties, to be a bar to a second suit must be a judgment on the merits and that the causes of action in the two suits must be the same; and it is equally well settled that such judgment is no bar to a second suit involving an issue which was expressly excluded from the judgment or decree in the first suit.

There are cases, even in Texas, where it has been held that two suits may be maintained upon different phases of the same contract or transaction. See Norris v. Mortgage Co., 98 Texas, 176; Moore v. Snowball, 98 Texas, 16. But no case can be found holding that the judgment in one suit is a bar to a subsequent action, where the

contracts declared on are different and are made at different times and between different parties.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This is an original proceeding in this court wherein Relators seek to have a writ of prohibition issued to respondent, James L. Shepherd, Judge of the 32nd Judicial District of Texas, commanding him to desist from further interference with or hindrance to the enforcement of a judgment of this court, entered on May 31st, 1911, in a cause then pending in this court, No. 2212, The Kansas City, Mexico & Orient Railway Company of Texas v. City of Sweetwater, which by writ of error to the Court of Civil Appeals of the Second District had been removed into this court for revision. The said Railroad Company had been by a writ of injunction granted by respondent, Shepherd, forbidden to remove its offices, shops, etc., from Sweetwater to San Angelo. The injunction was made perpetual by the judgment of the District Court of Scurry County (the venue having been changed), which judgment was affirmed by the Court of Civil Appeals of the Second District. This court reversed the judgments of the District Court and the Court of Civil Appeals and rendered judgment that the City of Sweetwater take nothing and that the railroad company and the other plaintiffs in error go hence without day, etc. The motion for rehearing was filed in this court on the 15th day of June, 1911, and was overruled on the 25th day of that month.

On the 6th day of June, 1911, Interveners S. A. Cole, R. A. Ragland, J. H. Beall and Ellis Douthit, filed a petition in the District Court of Nolan County against the relators in this proceedings, praying for a writ of injunction forbidding them to remove the offices, etc., before described, from the City of Sweetwater, and on the same day the Honorable James L. Shepherd granted the writ without a hearing. Relators moved to dissolve the injunction, which motion the judge overruled, from which order relators appealed to the Honorable Court of Civil Appeals of the Second District, which court reversed the interlocutory judgment and dissolved the injunction. The case was remanded to the District Court of Nolan County. The plaintiffs in that suit (interveners) gave notice to relators to appear before the Honorable James L. Shepherd on the 18th day of April, 1912, to answer another application for a writ of injunction to the same purpose as that dissolved; whereupon the relators applied to this court for a writ of prohibition to prohibit and forbid the said James L. Shepherd, and the interveners herein, to hinder or prevent the railroad company or its officers to remove said shops, etc., as by the judgment of this court the railroad company was authorized to do.

The authority of this court to issue the writ is conferred by this provision in the 3rd section of Art. V of our State Constitution:

"The Supreme Court and the justices thereof shall have power to issue writs of habeas corpus as may be prescribed by law, and under such regulations as may be prescribed by law the said court and the justices thereof may issue the writs of mandamus, procedendo, cer-

tiorari, *and such other writs as may be necessary to enforce its jurisdiction."*

It is unnecessary for us to look carefully for the need of such process in this case, for the action of the plaintiffs in the new suit in seeking an injunction against the enforcement of the judgment of this court while that case was yet under our control manifesting a disregard of and contempt for law, and the swift compliance of the judge in granting the injunction without a hearing, were sufficient to admonish this court that its authority must be exercised promptly and firmly to maintain the dignity of the State's Judiciary. The writ of prohibition is the only effective preventive remedy appropriate to the conditions which confront us, therefore, we have authority to use it to guard and enforce our jurisdiction.

This court will not issue the writ, notwithstanding the hasty and unlawful action of respondent, unless the facts and law establish beyond a reasonable doubt that interveners are barred of any right in the maintenance of the offices, etc., at Sweetwater by the judgment of this court. If they are concluded by that judgment, it will be sustained and enforced.

The interveners were not parties to the suit of the City of Sweetwater v. The Kansas City, Mexico & Orient Railroad Company at the time the judgment of this court was entered, but they were citizens of that municipal corporation, and the important question in the case is reached by the announcement of the well settled proposition of law that, if the matter adjudicated affected the interest of. the public as distinguished from the private interest of the citizens of the city, although not parties to the suit, all citizens are concluded thereby. Cannon v. Nelson, 83 Iowa, 242; Clark v. Wolf, 29 Iowa, 197; 2 Black on Judgments, sec. 584; McEntire v. Williams, 63 Kan., 275; Sampson v. Com'rs, etc., 115 Ill. App., 443.

To make a proper application of the rule of law to this case we must ascertain what issues were decided by the judgment of the Supreme Court and the issues presented by the interveners in their last petition.

The City of Sweetwater filed its third amended original petition in the first suit and for cause of action alleged, in substance, the organization by Irving Wheatcroft and others of the Colorado Valley Railway Company. That thereafter a mass meeting of the citizens of Sweetwater appointed a committee, who, acting for the city and its citizens, entered into a contract with Wheatcroft, who was duly authorized, by which it was agreed for a valuable consideration furnished by citizens of Sweetwater that the charter of said railroad company should be so changed that the road should be constructed to and through Sweetwater, and that its general offices, etc., should be established and maintained at Sweetwater, and the charter was so amended. The petition alleged in detail the acts of the citizens of said town in fulfillment of the said agreement. The acts done by the individuals are alleged to have been done for all of the citizens of the town of Sweetwater.

That petition alleges that the said railroad was put into the hands of a receiver and the property purchased by certain citizens of

Sweetwater and reorganized as the Panhandle & Gulf Railroad. The purpose was to carry out the contract with the town of Sweetwater and its citizens, and that thereafter the Kansas City, Mexico & Orient Railroad Company, being the same in fact as the Colorado Valley— the name being changed—entered into a contract with certain citizens of Sweetwater, who represented the city and all of the citizens of Sweetwater, which was in effect the first contract made with Wheatcroft by which the said railroad company agreed to locate and maintain its general offices, machine shops, etc., at said town. With great particularity the petition alleges the facts which we need not specify, but the substance of the allegations is that the original contract made for all of the citizens of Sweetwater was preserved by being assumed by each succeeding organization of the railroad companies, and that each renewal of such contract was made for the benefit of the town and all of the citizens thereof. In the petition of the private citizens now pending the cause of action is shown to have originated with the contract made with Wheatcroft in 1897, who represented the Colorado Valley Railroad. It is alleged that a committee appointed by a mass meeting of the citizens of Sweetwater made the contract for constructing the road to and through Sweetwater, the terms of which we need not repeat, this being the same contract set up in the first suit. It is distinctly alleged that Wheatcroft contracted with the citizens of Sweetwater through their representatives, the interveners herein, and in the said petition there is not alleged any contract with interveners individually, nor is there alleged any fact showing any right in them except as citizens of the town. The Sweetwater suit was in the interest of the citizens of that corporation, which included the interveners who are plaintiffs in the suit wherein the issue of another writ of injunction is threatened and sought to be prevented. The suit by Sweetwater and the pending suit of interveners is each founded upon the same contracts made for the benefit of the citizens of that city and in each, the same breaches of contract by the railroad are alleged, claiming the same remedy under those contracts, that is, the maintenance of the offices, etc., at Sweetwater, which concerns the public interest. Indeed, there is no relief asked in either case that would not be of general and public interest. If Sweetwater had succeeded the interveners in common with all citizens would have gained what they seek now. If the interveners should succeed in this action, they and every citizen of Sweetwater would gain what was sought in the first action, the maintenance at Sweetwater of the general offices, round-house, etc., of the Kansas City, Mexico & Orient Railroad Company. The issues in the two cases are identical, in fact all of the agreements and contracts alleged to have been made were so interdependent that when the agreement claimed to have been made with the city was consummated all others were merged in that and there was but that one upon which to rest the judgment sought in the former suit. If the interveners could litigate the issue, then, if defeated, any other citizen of the city could secure an injunction with as much justice and right as the injunction now threatened could be issued, and this might be followed up by each citizen, for interveners had no right superior to any other. Reducing the propo-

sition to this absurdity demonstrates the utter want of any foundation for the suit by interveners or the action of respondent in heretofore granting a writ of injunction.

It is therefore ordered that the Clerk of this Court issue the writ of prohibition directed to James L. Shepherd, Judge of the 32nd Judicial District, and the Interveners, commanding them that they and each of them desist from further interference with or hindrance of the execution of the judgment of this court entered on the 21st day of May, 1911, in cause wherein The Kansas City, Mexico & Orient Railroad Company was plaintiff and the City of Sweetwater was defendant.

It is ordered that relators recover all costs of the proceeding against the respondent and interveners.