CITY OF HOUSTON ET AL. v. CITY OF PALESTINE ET AL.

Application No. 13677.   Decided December 20, 1924.

(267 S. W., 663).

1.—Jurisdiction—Court of Civil Appeals—Writ of Prohibition.

Courts of Civil Appeals have original jurisdiction to issue writs of prohibition, where necessary to enforce their jurisdiction, their powers in that respect being as broad as that of the Supreme Court, Const., art. 5, secs. 3, 6; Rev. Stats., art. 1526; Hovey v. Shepherd, 105 Texas, 237; Conley v. Anderson, 164 S. W., 985; Cattlemen's Trust Co. v. Willis, 179 S. W., 1115. (Pp. 309-312).

2.—Same—Jurisdiction of Supreme Court.

The Supreme Court has appellate jurisdiction to review decisions of Courts of Civil Appeals only in cases where the latter exercise appellate jurisdiction (Const., art. 5, sec. 3; Rev. Stats., art. 1521). It has none to grant a writ of error where the Court of Civil Appeals, in the exercise of its original jurisdiction, has issued a writ of prohibition to a District Court; in the latter case its judgment is made final by article 1591, sec. 7, Revised Statutes.   Schintz v. Morris, 89 Texas, 648.   (Pp. 312-314).

Application for writ of error by the City of Houston and others seeking review by the Supreme Court of the decision of the Court of civil Appeals for the Sixth District in the case of City of Palestine et al. v. City of Houston, et al., 262 S. W., 215.

*E. V. Swift, A. M. Barton,* and *Phillips, Townsend & Phillips,* for motion to dismiss.

The Supreme Court has no jurisdiction to review by writ of error any exercise by the Court of Civil Appeals of its original, as distinguished from its appellate jurisdiction. Rev. Stats., art. 1521; Schintz v. Morris, 89 Texas, 648; Harby v. Patterson, 59 S. W., 63; Long v. Martin, 260 S. W., 327 (Writ of prohibition case in which petition for error was dismissed for want of jurisdiction, but without written opinion).

*Sewall Myer, T. J. Harris, Ray Scruggs,* and *Wolters, Storey, Blanchard & Wolters,* contra.

The authority of the Court of Civil Appeals to issue a writ of prohibition is by statute limited to the enforcement of its own jurisdiction. Article 1592, Chapter 3, Title 3, Revised Statutes of Texas; Wells v. Littlefield, 62 Texas, 30; Hovey v. Shepherd, 105 Texas, 237; Conley v. Anderson, 164 S. W., 986; Cattlemen's Trust Co. v. Willis, 179 S. W., 1115; Birchfield v. Bourland, 185 S. W., 425; Houston Belt & Term. Ry. v. Hornberger, 157 S. W., 744; Hubbart v. Willis State Bank, 119 S. W., 711; Boynton v. Brown, 163 S. W., 599; Gibbons v. Ross, 167 S. W., 17; Tipton v. Ry. Postal Clks. Inv. Assn., 170 S. W., 113; Milam County Oil Co. v. Bass, 106 Texas, 260.

The participation of the relator the City of Houston in the defense of the suit brought by Anderson County et al. v. International & Great Northern Railway Company through counsel employed by the City of Houston, it not being a party to the suit and not having the right to assume, and through its counsel having in fact not assumed, practical control of the defense of the suit, was not enough to connect the City of Houston with the litigation in such manner as to make the judgment an estoppel against it or its citizens. 23 Cyc., 1249, 1251; Black, Law of Judgment, Sec. 540; Jones on Evidence, Sec. 586; Freeman on Judgments, Sec. 189; Vol. 15, R. C. L., Sec. 484; Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S., 111; Old Dominion Copper Mining, etc. Co. v. Bigelow, 203 Mass., 159, 89 N. E., 193, 40 L. R. A. (N. S.) 314; Rumford Chemical Works v. Hygienic Chemical Co., 215 U. S. 155-156; Stryker v. Goodnow's Administrator, 123 U. S., 549; Litchfield v. Goodnow's Administrator, 123 U. S., 549-552; Fish v. Vanderlip, N. Y. Ct. App. Ann. Cases 1916E, page 150; St. John v. Andrews

Institute, 83 N. E., 981, 85 N. E., 145; Park v. Ensign, 66 Kans., 50, 97 Am. St. Rep., 352; McConnell v. Poor, 113 Ia., 133, 52 L. R. A., 312; Fletcher v. Jackson, 23 Vt., 581, 56 Am. Dec., 98; Giltinan v. Strong, 64 Pa., 242; Arrington v. Porter, 47 Ala., 714; DeGreiff v. Wilson, 30 N. J. Eq., 435; Beals v. Cone, 188 U. S., 184; Shutesbury v. Hadley, 133 Mass., 242; Booth v. Powers, 56 N. Y., 22; People v. Knickerbocker L. Ins. Co., 106 N. C., 619; Lownsdale v. Portland, 1 Or. 381, Fed Cas. No. 8578; Hunt v. Haven, 52 N. H., 162; State ex rel. Kane v. Johnson, 123 Mo., 43; Central Baptist Church v. Manchester, 17 R. I., 402, 33 Am. St. Rep., 893; Allin v. Hall, 1 A. R. March., 525; Behman v. La. R. & Nav. Co., 127 La., 775; Wilgus v. Germain, 19 C. C. A. 188, 44 U. S. App., 369, 72 Fed., 773; Mankato v. Barber Asphalt Pav. Co., 73 C. C. A., 439, 142 Fed., 329; Wilkie v. Howe, 27 Kans., 518; Cockins v. Bank of Alma, 84 Nebr., 624, 133 Am. St. Rep., 642; Myers v. International Trust Co., 263 U. S., 64.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This was a suit instituted in the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, at Texarkana, by the City of Palestine, County of Anderson and seven specially named citizens of the City of Palestine, for the issuance of a writ of prohibition and injunction to restrain the proceedings in the 61st Judicial District Court of Harris County, Texas, in a suit filed in that court by the City of Houston and five specially named citizens of Harris County, as plaintiffs, who are the plaintiffs in error here, against the International-Great Northern Railroad Company, as defendant, wherein a judgment is being sought to establish at Houston the general offices of that Railroad Company, and to have a mandatory injunction enforcing such judgment. In the petition filed by defendants in error in the Court of Civil Appeals it was alleged that they were plaintiffs in the suit of Anderson County et al. v. International & Great Northern Railway Company, in which judgment was rendered in favor of said defendants in error in the District Court of Cherokee County. That said cause on appeal was affirmed by the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, at Texarkana (174 S. W., 305; writ of error denied by the Supreme Court of Texas). That the City of Houston, although not named as a party defendant in said suit did in fact actually join the defendant Railway in the defense of said suit, and did in fact by its attorneys duly employed by the City of Houston participate in the defense of said suit in the trial thereof and on the hearing and determination of the appeal thereof in the Court of Civil Appeals; that the judgment of the District Court of Cherokee

County and the judgment of the Court of Civil Appeals in affirming the judgment .of the District Court of Cherokee county were and are effective against and binding upon the respondents (plaintiffs in error) as much so as if the City of Houston had been actually a party defendant of record in said suit, and as though the judgment of the District Court of Cherokee County and the Court of Civil Appeals had been in terms expressly rendered against the City of Houston; that in said suit the Railway Company plead and contended that it was not obligated to maintain its general offices and shops at Palestine, but had the right to and was obligated to maintain them at Houston; that this was the principal issue in the cause, and that it was adjudicated by the judgment rendered therein.

Plaintiffs in error, who were the respondents therein, by pleadings answered that on the face of the petition the Court of Civil Appeals had no jurisdiction to grant the relief sought by relators (defendants in error), and especially plead to the jurisdiction of the Court of Civil Appeals. Subject to the overruling of the pleas to the jurisdiction, plaintiffs in error submitted a general demurrer, general denial, and certain special pleas not necessary to be stated. Reference is made to the opinion of the Court of Civil Appeals, 262 S. W., 215, for a complete statement of the case.

On the 10th of April, 1924, the Court of Civil Appeals, after a full hearing, entered judgment, the effect of which was to prohibit the prosecution of the suit filed by plaintiffs in error in the District Court of Harris County, and to prohibit the Judge of that court from entering any order relative thereto, except one of dismissal.

The case is before us on application for writ of error.

The only question necessary for us to consider is one of jurisdiction. It is obvious that the application is made for the purpose of having the Supreme Court review in the exercise of its appellate power the action of the Court of Civil Appeals in granting a writ of prohibition upon an original proceeding in that court. The Courts of Civil Appeals are provided for by the Constitution, in Article 5, Section 6. The jurisdictional provisions of that section are as follows:

"Said Courts of Civil Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction under such restrictions and regulations as may be prescribed by law. Provided, that the decisions of said court shall be conclusive on all questions of fact brought before them on appeal of error. * * *

"Said courts shall have such other jurisdiction, *original* and *appellate,* as may be prescribed by law." (Italics ours).

In carrying into effect this provision the Legislature enacted certain statutes defining the jurisdiction of the Courts of Civil Appeals. One of these is Article 1592, which reads:

"The said courts and the judges thereof shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

Under the above section of the Constitution and the statute quoted the Courts of Civil Appeals have power to issue original writs of prohibition.

Section 3 of Article 5 of the Constitution, defining the jurisdiction of the Supreme Court, in part provides that this court may, under such regulations as may be prescribed by law, issue "writs of mandamus, procedendo, certiorari and such other writs as may be necessary to enforce its jurisdiction." This language was subsequently incorporated in the statute. Revised Statutes, Art. 1526. This Court held in the case of Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 234, that this was sufficient to confer power on the Supreme Court in an original proceeding for that purpose to issue a writ of prohibition to a district judge, where necessary to prevent the latter from nullifying by injunction the effect of its judgment. See also the opinion of this Court in Conley v. Anderson, 164 S. W., 985. The language of the Constitution and statute upon which is predicated the power of Courts of Civil Appeals to issue original writs of prohibition is as broad and definite as that used with reference to the Supreme Court, and the opinions of this Court holding it has such authority are equally applicable in the interpretation of the constitutional and statutory provisions relative to Courts of Civil Appeals.

In the case of Cattlemen's Trust Co. v. Willis, 179 S. W., 1119, the Court of Civil Appeals, in an able and well considered opinion by the late Chief Justice Key, expressly held that Courts of Civil Appeals have the power to issue writs of prohibition.

These cases cited, we think, conclude the question that Courts of Civil Appeals have the power to issue original writs of prohibition in proper cases. However, the history of the subject well illustrates the correctness of this conclusion. Prohibition is a common law writ of ancient origin, mentioned in fact in Glanville, the first book of English law, written in 1189. 22 R. C. L., 4; Cooley's Blackstone, (3d Ed.), Vol. 2, p. 111; 32 Cyc, 599; High's Extraordinary Legal Remedies (2d Ed. ), Sec. 764. Being known to the common law, it is obvious that the language of the Constitution and statutes relating to Courts of Civil Appeals is broad enough to include, and was intended, to embrace the power and authority to issue writs of prohibition. Mr. High states in the work cited: "Like other

·common-law remedies, prohibition is regarded as generally applicable in this country, unless abolished by positive statutory enactment.'' Prohibition is a civil remedy in a civil action, and an application therefor has been held to be a suit.  22 R. C. L., supra; Weston v. City of Charleston, 8 U. S., 171 (2 Peters, 449).

One of the original purposes of the writ, and its principal purpose now, is to enable a superior court to restrain inferior courts from assuming jurisdiction with which they are not legally vested.  22 R. C. L., p. 4; High's Extraordinary Legal Remedies, supra; 32 Cyc, pp. 598, 599, 600; Cooley's Blackstone (3d Ed.), Vol. 2, p. 111. One of the accepted purposes of the writ has been stated as follows:

''The writ will lie to restrain the court below from interpreting the decisions of the appellate court and enforcing decrees different from those rendered by it.  And of course where a cause has been appealed and a judgment rendered by the appellate court, interference therewith on the part of the lower court by any proceeding in the cause other than such as is directed by the appellate court will be prohibited.''  32 Cyc, p. 609.

According to the weight of authority, a writ of prohibition is not a writ of right, but of sound discretion, to be granted or withheld by the court exercising supervisory control, according to the nature and circumstances of each particular case.  32 Cyc, 599, 600.  High's Extraordinary Legal Remedies, supra, Sec. 765.

It is obvious from the authorities cited, and, in fact, from the very nature of the writ itself, that an application for its issuance is an original proceeding or a suit, as held in Weston v. City of Charleston, supra, in a superior tribunal, to control, limit, or prevent action in an inferior one.

The proceeding for prohibition has in it none of the elements of an appeal.  Mr. High in the work cited, in discussing the nature of the action, says:

''As regards the nature of the proceeding or action in prohibition, it is to be observed that it is in no sense a part or continuation of the action prohibited, by removing it from a lower to a higher court for the purpose of obtaining a decision in the latter tribunal.  So far from this, it is regarded as wholly collateral to the original proceeding, being intended to arrest that proceeding, and to prevent its further prosecution by a court having no jurisdiction of the subject-matter in dispute.  In other words, it is substantially a proceeding between two courts, a superior and an inferior, and is the means by which the superior tribunal exercises its superintendence over the inferior, and keeps it within the limits of its rightful jurisdiction.''

It is plain, we believe, that it was the purpose of the Constitution and of the statute to clothe the Courts of Civil Appeals with ample power to issue, in accordance with sound discretion, the ancient common-law writ of prohibition, a power exercised by appellate courts from time immemorial.

It is clear that the Court of Civil Appeals in this case, upon original application filed in that court, has issued such a writ, upon hearing, in the exercise of its power and discretion. The right of the Supreme Court to review this action of the Court of Civil Appeals in awarding the writ is one of jurisdiction under the Constitution and statutes.

So much of the nature and history of the writ of prohibition has been given for the purpose not only of determining that the Courts of Civil Appeals are clothed with the power to issue the writ, but as an aid in construing the Constitution and statutes which remain to be considered. We might have contented ourselves with quoting these, as we do, and placing our interpretation on the words used, but since the language employed and the interpretation we give it is consistent with the history of the exercise of the power to grant the writ, and its general characteristics as a discretionary writ issuing upon original application, we think it proper, in view of the importance of this case, to show this consistency.

The place of the Supreme Court in the judiciary system of the State is that of an appellate court, with certain exceptions wherein it has original jurisdiction. Section 3 of Article 5 of the Constitution in part declares:

"The Supreme Court shall have appellate jurisdiction only except as herein specified, which shall be co-extensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases of the Courts of Civil Appeals in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law or where a statute of the State is held void. The Supreme Court and the justices thereof shall have power to issue writs of habeas corpus, as may be prescribed by law; and under such regulations as may be prescribed by law, the said courts and the justices thereof may issue writs of mandamus, procedendo, certiorari and such other writs as may be necessary to enforce its jurisdiction. The Legislature may confer original jurisdiction on the Supreme

Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State.''

This quotation discloses that the Supreme Court has both appellate and original jurisdiction. Its appellate jurisdiction is limited by the organic law *"to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction."*

The question of the original jurisdiction of the Supreme Court is not involved in this case, and need not be further noticed.

By referring to Section 6, Article 5, of the Constitution, heretofore quoted, it will be seen that the Courts of Civil Appeals are empowered to exercise two classes of jurisdiction, to-wit: *appellate* and *original*. But by the express provisions of Section 3 of Article 5 the Supreme Court can be authorized to review the action of the Courts of Civil Appeals only when the latter have exercised their *appellate* jurisdiction. The necessary deduction from the two sections considered together is that the Supreme Court cannot, under the Constitution, review by writ of error any act of the Courts of Civil Appeals exercised in virtue of their *original* jurisdiction. The statutes enacted are consistent with these constitutional provisions. Revised Statutes, Article 1521, defining the jurisdiction of the Supreme Court, declares:

''The Supreme Court shall have *appellate* jurisdiction co-extensive with the limits of the State, which shall extend to all questions of law arising in cases of which the Courts of Civil Appeals have *appellate jurisdiction* in the following cases when same have been brought to the Courts of Civil Appeals by writ of error or appeal from final judgment of trial courts.'' (Italics ours).

Following the above, in this Article is an enumeration of various classes of cases of which the Supreme Court may take jurisdiction by virtue of its appellate power. It will be noted from this statute that the appellate jurisdiction of the Supreme Court is limited, as in the Constitution, to cases in which the Courts of Civil Appeals have *"appellate"* jurisdiction, and that no attempt is made to authorize the Supreme Court to review judgments of the Courts of Civil Appeals entered in original proceedings.

Article 1591, Revised Statutes, as amended by Chapter 56 of the General Laws of the 38th Legislature, sets forth the cases in which the judgments of Courts of Civil Appeals shall be final. After enumerating various classes of cases, Section 7 thereof provides: ''The judgments of said courts shall be final in all other cases as to law and facts except where appellate jurisdiction is given to the Supreme Court and not made final in said Courts of Civil Appeals.'' If there remained any doubt that it was the purpose of the Constitution and the Legislature to deny to the Supreme Court

.the power of reviewing on appeal the acts of Courts of Civil Appeals in issuing writs of prohibition, then Section 7 as quoted must conclude the matter, for it expressly denies the jurisdiction of the Supreme Court by making the judgments of the Courts of Civil Appeals final in all cases except those specially enumerated in the statutes to which we have referred. The writ of prohibition not being within the express jurisdiction of the Supreme Court, and not being excepted from the effect of Section 7, it is obvious that under the statutes alone no right of review will lie to this Court.

It is plain, we believe that under both the Constitution and the statutes, the appellate jurisdiction of the Supreme Court is limited to reviewing the actions of the Courts of Civil Appeals in cases which have been appealed to those courts and in which the judgments of the Courts of Civil Appeals have not been made final.

The application for writ of prohibition in this case was made and the writ was granted under Revised Statutes, Article 1592, defining the original jurisdiction of Courts of Civil Appeals, and its action in granting the writ is not reviewable by this Court upon application for writ of error. Schintz v. Morris, 89 Texas, 648, 35 S. W., 1091. In the case cited, this Court held, in an opinion by Chief Justice Gaines, that the Supreme Court has no appellate jurisdiction except over such cases as are within the appellate jurisdiction of the Courts of Civil Appeals, and that it cannot determine a question presented by a certificate of dissent from the latter court in a case brought there not by appeal but by an original proceeding. The case there before the court related to the issuance of a mandamus by the Court of Civil Appeals, but the decision made and the reasons given support the conclusion which we have reached in the instant case. See also Harby v. Patterson, 59 S. W., 63, 65.

We are of the opinion that the issuance of the writ of prohibition by the Court of Civil Appeals in this case was in the exercise of its original jurisdiction, and that no right of review by writ of error is conferred upon the Supreme Court by the Constitution and laws of the State.

The petition for writ of error, for the reasons stated in this opinion, is accordingly dismissed for want of jurisdiction.

Associate Justice Greenwood did not sit in this case.