### DRISCOLL et al. v. CASSTEVENS et al.

### No. 10726.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1937.

A. D. Dyess and Chester H. Johnson, both of Houston, and G. R. Lipscomb, of Fort Worth, for relators.

Marvin Roberson, of Fort Worth, for respondents.

GRAVES, Justice.

Pursuant to R.S. art. 1822, and other statutes and constitutional provisions appertaining to the powers and jurisdiction of the Courts of Civil Appeals, this proceeding is an original application to this court for writs of prohibition duly presented here by M. C. Driscoll, A. D. Dyess, and Texas Standard Life Insurance Company, a private corporation existing under the laws of ·Texas, with its domicile and principal place of business in Harris coun-ty, Tex., as relators, against the honorable O. B. McPherson, judge of the district court of Johnson county, Tex., Amelia C. Casstevens, and her attorney of record, Hon. Marvin Roberson, respondents, wherein relators seek to prevent the respondents not only from taking further proceedings in cause No. 15180 on the docket of the district court of Johnson county, styled Amelia C. Casstevens v. Texas Standard Life Insurance Company et al., but also to further prevent them from interfering in any manner with the trial of, or the relators' participation therein, of cause No. 255726 on the docket of the Sixty-First district court of Harris county, Tex., styled, Texas Standard Life Insurance Company, a Corporation, v. Amelia C. Casstevens; the general ground set out in the application being averments to the effect that these two suits have to do with the same subject matter, that is, a policy of insurance on the life of W. H. Casstevens issued by the Texas Standard Life Insurance Company on or about the first day of November of 1933, being numbered 15578 and naming respondent Amelia C. Casstevens as beneficiary; that they were between the same parties, and that the Harris county suit was filed first, that is, on December 6 of 1935, thereby conferring on that court prior jurisdiction over such parties and subject matter, whereas the Johnson county suit was not filed until January 20 of 1937, and not then until after all the named parties in both suits had already submitted their persons and such subject matter to the jurisdiction of the Harris county court.

This application was first permitted by this court to be filed on October 18, 1937, which was followed by the granting of a temporary writ of prohibition, as prayed for therein by relators, effective until a hearing for permanent relief could be had on November 4 of 1937; such hearing for a permanent order having been ·had on November 4th, the temporary writ was extended to remain in effect until the present order.

It is now determined that the permanent writ so sought by the relators should be granted, in the main, upon these considerations:

(1) The pleadings, answers, and arguments of the parties on both sides convince this court that in the cause so first filed in the district court of Harris county that court did acquire prior and complete

960

jurisdiction over the parties and the subject matter in both suits; that is, the relator insurance company therein sued the respondent Amelia C. Casstevens, a widow, so named beneficiary in the policy referred to, and sought a cancellation of it upon the alleged ground that it had been obtained from the corporation by such fraud and misrepresentation upon the part of the insured as rendered it not binding upon that corporation; that it had been incorporated under the laws of Texas, having at all material times legal authority under the laws of the state to do a mutual life insurance business therein, according to the terms, conditions, and provisions of chapter 274 of the General Laws of Texas, enacted at the regular session of its Legislature in 1929 (as amended, Vernon's Ann.Civ.St. art. 4875a—1 et seq.); that while the local mutual aid association of its same name had issued such policy originally, thereafter relator insurance company had taken the same over and assumed liability therefor.

(2) That the respondent Amelia C. Casstevens, after having been duly served with citation therein, first appeared in such Harris county suit asserting her plea of privilege to be sued in the county of her residence, Johnson County; such plea of privilege having been controverted by the plaintiff insurance company therein, and having, on April 7 of 1936, been overruled by that court, Mrs. Casstevens did not appeal therefrom, but filed both original and amended answers in the cause, as well as a cross action therein, whereby she sought to recover against such plaintiff upon the identical policy she so later sued upon in the cause in the Johnson county district court.

(3) Thereafter, on January 20, 1937, and subsequent to all the stated proceedings and appearances by her in the Harris county suit, No. 225726, Mrs. Casstevens through her co-defendant herein, Hon. Marvin Roberson, filed such cause No. 15180 in the district court of Johnson county upon this same policy and against the same insurance company, seeking both temporary and permanent injunctions against it, along with its president, M. C. Driscoll, and its attorneys, A. D. Dyess and G. R. Lipscomb, to restrain them from taking any further proceedings in such prior Harris county suit, whereupon, on the same date with its filing, the respondent Hon. O. B. McPherson, as judge of such district court of Johnson county, granted a temporary injunction in her favor as so prayed for.

(4) Thereupon, the relators here each filed pleas of privilege in such cause No. 15180 in Johnson county to be sued thereon in Harris county, further setting up in bar the prior proceedings had in the Harris county suit; Judge McPherson at first sustained these pleas of privilege of the relators to be sued in Harris county, but thereafter set that action aside, and entered an order overruling the same, thereby leaving the temporary injunction formerly granted in force and effect, and subsequently citing these relators for contempt of that court as for a violation of that injunction, in further proceeding upon their part to have the Harris county suit finally tried.

It seems clear that the temporary injunction thus granted in the Johnson county cause against the relators here was improvident for two reasons, the one being that the court was without any jurisdiction to act at all, because the district court of Harris county had already acquired full jurisdiction over the parties and the subject matter, which would continue until that cause had been finally disposed of. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

■ The other being that such temporary writ was made returnable, although relating to a proceeding pending in Harris county, to the district court of Johnson county in violation of R.S. art. 4656.

■ In the next place, if respondent Mrs. Casstevens had any such defenses to the Harris county suit as her answer in this prohibition proceeding deals with, such as that the wrong corporation had brought that suit, she should have presented them by plea in abatement, or other objections for improper or want of necessary parties, instead of having presented and lost her plea of privilege to be sued in Johnson county only, and then answered to the merits as well as by cross action, without ever having in any other way questioned the power of that court over either her person or the insurance policy she claimed on.

■ Finally, even if it could be properly said that the present relator was not originally liable on the policy in suit, or qualified to operate as an insurer under Vernon's Ann.Civ.St. art. 4859f, as is so urgently insisted upon here, under the facts

otherwise appearing it clearly had the right, as the assignee of the policy of the issuing corporation, to prosecute this Harris county suit in the name of the old corporation. Ferguson-McKinney Dry Goods Co. v. Garrett (Tex.Com.App.) 252 S.W. 738; Paxton v. First State Bank (Tex. Civ.App.) 42 S.W.2d 837; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813.

■ Without further discussion, it is ordered that the writs of prohibition issue in substance and effect as prayed for by the relators, this court's power to issue them being further supported by these authorities: 22 R.C.L. p. 1; 33 Texas Jurisprudence p. 923; 50 C.J. p. 654; 50 C.J. par. 2, p. 654; State v. Stobie, 194 Mo. 14, 92 S.W. 191; 22 R.C.L. par. 14, p. 15; 22 R.C.L. par. 24, p. 26; 33 Texas Jurisprudence p. 928, par. 7; Cattlemens Trust Co. v. Willis (Tex.Civ.App.) 179 S.W. 1115; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663.

Writs of prohibition granted.

PLEASANTS, C. J., absent.