**Honorable Jack R. KING, Relator,**

v.

**Honorable Frank PRICE,
Respondent, et al.**

No. 09–88–094 CV.

Court of Appeals of Texas,
Beaumont.

May 4, 1988.

George Michael Jamail, Benckenstein, Oxford, Radford & Johnson, Thomas F. Rugg, Chief, Civ. Div., Beaumont, for relator.

Jeff R. Branick, Umphrey, Swearingen & Eddins, Port Arthur, for respondent.

OPINION

DIES, Chief Justice.

Frank Lamson, a partner in the law firm of Umphrey, Swearingen & Eddins, challenged incumbent District Judge Jack King for the 136th Judicial District bench in the March 1988 Democratic Primary. The election was won by Judge King. Thereafter, the law firm filed motions requesting that Judge King recuse himself from some seventy-eight cases which the law firm has pending in his court on the ground, generally, that the judge was prejudicial to the law firm and its members. The judge refused to recuse himself.

The law firm requested the Administrative Judge, Honorable Tom Stovall, Jr., to appoint a judge to hear its contentions. Judge Stovall appointed the Honorable Frank Price to hear and decide the motions. Judge King, as Relator, has petitioned this court to issue a writ of prohibition to prevent such inquiry. We have heard arguments and considered briefs from all interested parties.

There is no question but that under former law this court would not have jurisdiction to issue such a writ in this case. *Texas Employers' Ins. Ass'n v. Kirby*, 150 S.W.2d 123 (Tex.Civ.App.—Dallas), *affirmed*, 137 Tex. 106, 152 S.W.2d 1073 (Tex.1941).

However, effective September 1, 1985, the legislature enacted *TEX. GOV'T CODE ANN. sec. 22.221* (Vernon 1988) which we set out:

"(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

"(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in the court of appeals district.

"(c) Repealed by Acts 1987, 70th Leg., ch. 148, sec. 2.03, eff. Sept. 1, 1987.

"(d) Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the

court or judge in a divorce case, wife or child support case, or child custody case. Pending the hearing of an application for a writ of habeas corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted."

It is seen that the jurisdiction of the courts of appeals to issue writs of mandamus and habeas corpus has been vastly expanded. However, no mention is made of writs of prohibition. Therefore, we conclude that for these writs our jurisdiction is as before and, therefore, we are without jurisdiction to consider Relator's petition.

Petition dismissed for want of jurisdiction.

BROOKSHIRE, Justice, concurring and dissenting.

It is correct that the first petition filed by the Relator, Judge King, is designated as "PETITION FOR WRIT OF PROHIBITION". It is also correct that eminent textbook writers have taken the position that Courts of Appeals are not *expressly authorized by the Texas Constitution* to issue writs of prohibition.

However, it is also correct that, after conferring upon the Courts of Appeals additional appellate and original jurisdiction, the State Constitution provides that these intermediate appellate courts shall have such other jurisdiction as may be prescribed by law.

By an amendment to the organic law of Texas, *TEX. CONST. art. V, sec. 6,* the people of Texas, through their constitution, conferred upon the Courts of Appeals:

"[A]ppellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction ... Said courts [Courts of Appeal] shall have *such other jurisdiction, original and appellate,* as may be prescribed by law." (Emphasis added)

*See and compare* 38 TEX.JUR.3d *Extraordinary Writs,* sec. 243, entitled "Courts of Appeals", at page 470 (Bancroft–Whitney 1985).

The *TEX. GOV'T CODE ANN. sec. 22.-221* (Vernon Pamph.1988), entitled "Writ Power," does not specifically, by name, confer upon the Courts of Appeals the power or jurisdiction to issue writs of prohibition although *Sec. 22.221(a)* does provide that:

"[A] court of appeals may issue a writ of mandamus *and all other writs necessary to enforce the jurisdiction of the court."* (Emphasis added)

It may be an anomaly or a hiatus, but it is interesting and important to note that *TEX. CONST. art. V, sec. 3,* entitled "Jurisdiction of Supreme Court; writs; ..." *does not specifically confer upon the Supreme Court of Texas the power to issue writs of prohibition. Art. V, sec. 3* names and authorizes the following extraordinary writs: writs of habeas corpus, writs of mandamus, writs of procedendo, writs of certiorari and such other writs as may be *necessary to enforce its jurisdiction;* that is to say, the jurisdiction of the Supreme Court. Writs of quo warranto are also mentioned.

It is especially noteworthy that, in the *TEX. GOV'T. CODE ANN. sec. 22.002,* dealing with the writ power of the Supreme Court of Texas, that the types of writs therein mentioned are: writs of procedendo, certiorari, all writs of quo warranto and mandamus agreeable to the principles of law regulating said writs. *Section 22.-002(c)* additionally provides that the Supreme Court has the authority to issue writs of mandamus or injunction, or any other mandatory or compulsory writ or process, against the officers of the executive departments of the government. The power to issue a writ of prohibition is not mentioned in *sec. 22.002.* Without doubt, the Supreme Court would have the power to issue such a writ to protect its own jurisdiction. The Supreme Court has so held.

However, the amended petition of Relator is, again, denominated as a writ of prohibition but it is *also denominated a writ for other extraordinary relief.* The

amended petition appears to be a writ for extraordinary relief in the nature of a writ of mandamus or injunction. If mandamus relief is prayed for, I think our Ninth Court of Appeals has jurisdcition at least to consider the Relator's petition and prayer on its merits.

On the basis of mandamus, many interesting questions and issues arise. For example, does a proceeding against Judge King, before the State Commission on Judicial Conduct, have precedence over the motion to recuse? Query: Does an abatement result? *See TEX. CONST. Art. V, sec. 1–a.* Article V, sec. 1–a (11) provides affirmatively for the right of due process. *TEX. CONST. Art. V, sec. 1–a,* concerning due process, includes, inter alia, the right to notice, counsel, hearing, *confrontation* and other such incidents of due process. The record glaringly demonstrates a proceeding against Judge King is pending before the said State Commission.

Another interesting question would be: Does *TEX.R.CIV.P. 18a and 18b* (Vernon Supp.1988) provide the necessary due process requirements and safeguards? *Rule 18b(2),* entitled "Recusal", mentions instances in which a judge may have a personal bias or prejudice *concerning the subject matter or a party,* or personal knowledge of disputed evidentiary facts. *An alleged personal or political bias against attorneys is not mentioned or even alluded to.*

Another interesting and paramount question is the real meaning of *Rule 18b(2),* dealing with recusal. This recusal subsection evidently deals *only with a situation where the judges recuse themselves.* But there is yet another perplexing puzzlement.

*TEX.R.APP.PROC. 121* provides, in substance, that, at the commencement of *an original proceeding for* a writ of mandamus, *prohibition,* or injunction in an appellate court, the Relator *shall deliver* to the clerk of that appellate court a substantial number of documents. *Rule 121* is a lengthy, detailed rule which provides *how an original proceeding for a writ of prohibition is to be initiated, pursued and perfected "in an appellate court".* Un-

doubtedly, the Ninth Court of Appeals is "an appellate court."

But it is to be conceded that the use of the words "writ of prohibition" in *Rule 121* does not have an explicit foundation in the Constitution of Texas nor the Government Code. Yet, it does seem reasonable to think that the Supreme Court would at least prefer to have a court of appeals, "an appellate court," to pass on such an original proceeding for a writ of prohibition first.

Furthermore, *TEX.R.APP.PROC. 122* seems to imply that the Supreme Court contemplates that a court of appeals, itself, may, indeed, *be a respondent in a case involving* mandamus, habeas corpus or *prohibition jurisdiction.* Certainly, in the past, in numerous proceedings, Courts of Appeals have been "Respondents" before the Supreme Court. Such cases involving discovery matters have been almost legion.

*Rule 122* basically, and in substance, provides that the Supreme Court may grant leave to file such a petition for extraordinary relief and may, after the *respondent or any real party at interest has had an opportunity to file a reply, and without hearing oral argument,* grant any such writ *and make such orders in writing as may be appropriate.*

However, since the Constitution and the Government Code arguably have denied to the Courts of Appeals affirmative, original jurisdiction over writs of prohibition (not attacking our own jurisdiction and not interfering with our judgments or mandates), I concur in the results reached by the Court, but I disagree with the Court's reasoning. I concur because this original proceeding reaches us with some premature phases.

My colleagues have offered to discuss the issues and questions involved with the proviso, however, that there exists little, or no, possibility of their changing their opinions or their considering the relator's petition as a mandamus.

Beginning in fairly olden time, the Supreme Court of Texas, in *Hovey v. Shepherd,* 105 Tex. 237, 147 S.W. 224 (1912),

held that, by the authority conferred on it by the Texas Constitution to issue such other extraordinary writs as may be necessary to enforce its own jurisdiction, the Supreme Court had the power, in an original proceeding, to issue and grant a writ of prohibition against a district judge where such writ of prohibition was necessary to prevent such judge from nullifying, by way of an injunction, a judgment of the Supreme Court. The Supreme Court boldly wrote:

"It is unnecessary for us to look carefully for the need of such process in this case, for the action of the plaintiffs in the new suit in seeking an injunction against the enforcement of the judgment of this court while that case was yet under our control manifesting a disregard of and contempt for law, and the swift compliance of the judge in granting the injunction without a hearing, were sufficient to admonish this court that its authority must be exercised promptly and firmly to maintain the dignity of the State's Judiciary. The writ of prohibition is the only effective preventive remedy appropriate to the conditions which confront us, therefore, we have authority to use it to guard and enforce our jurisdiction." [105 Tex. 237, at 243, 147 S.W. 224]

Later, the Texas Supreme Court, in *City of Houston v. City of Palestine*, 114 Tex. 306, 267 S.W. 663 (1924) held thusly:

"Section 3 of Article 5 of the Constitution, defining the jurisdiction of the Supreme Court, in part provides that this court may, under such regulations as may be prescribed by law, issue 'writs of mandamus, procedendo, certiorari and such other writs as may be necessary to enforce its jurisdiction.' This language was subsequently incorporated in the statute. Revised Statutes, Art. 1526. This Court held in the case of *Hovey v. Shepherd*, 105 Texas, 237, 147 S.W. 234 [224], that this was sufficient to confer power on the Supreme Court in an original proceeding for that purpose to issue a writ of prohibition to a district judge, where necessary to prevent the latter from nullifying by injunction the effect

of its judgment. See also the opinion of this Court in *Conley v. Anderson*, 164 S.W., 985. The language of the Constitution and statute upon which is predicated the *power of Courts of Civil Appeals to issue original writs of prohibition is as broad and definite as that used with reference to the Supreme Court, and the opinions of this Court holding it has such authority are equally applicable in the interpretation of the constitutional and statutory provisions relative to Courts of Civil Appeals.*" [114 Tex. 306, at 310, 267 S.W. 663] (Emphasis added)

The Court's opinion cites *Texas Employers' Ins. Ass'n v. Kirby*, 137 Tex. 106, 152 S.W.2d 1073. In that case, Justice Critz wrote:

"It is settled that the Supreme Court has no jurisdiction to issue the writs of prohibition or injunction in such a case. 24 Tex.Jur., p. 150, sec. 110; 11 Tex.Jur., p. 183, sec. 118, Id., p. 185, sec. 119; *Milam County Oil Mill Co. v. Bass*, 106 Tex. 260, 163 S.W. 577; *City of Laredo v. Martin*, 52 Tex. 548; *Wells v. Littlefield*, 62 Tex. 28; *Churchill v. Martin*, 65 Tex. 367; *Waters–Pierce Oil Co. v. State*, 107 Tex. 1, 11, 106 S.W. 326, 327; *Curtis v. Moore*, 130 Tex. 396, 110 S.W.2d 1146."

It is informative to note that Justice Critz did not overrule, by name, *Hovey v. Shepherd, supra*, or *City of Houston v. City of Palestine, supra*.

A fair reading of Justice Critz's opinion leads to the inevitable conclusion that the Supreme Court of Texas possesses no writ of prohibition jurisdiction in a proceeding not otherwise and previously in a proceeding before the Supreme Court. Hence, the inevitable conclusion is that the Supreme Court of Texas has no writ of prohibition or writ of injunction jurisdiction unless its regular appellate jurisdiction has been previously invoked.

Justice Critz also fails to cite or discuss the case of *Driscoll v. Casstevens*, 110 S.W.2d 958 (Tex.Civ.App.—Galveston 1937, no writ), holding that courts of appeals have jurisdiction to issue writs of prohibi-

tion when not enforcing its own jurisdiction, its own judgments or mandates.