**STATE et al. v. CURTIS.**

No. 8583.

Court of Civil Appeals of Texas. Austin.

Dec. 23, 1936.

Rehearing Denied Jan. 13, 1937.

Wm. McCraw, Atty. Gen., and W. J. Holt, Wm. C. Davis, Earl Street, C. M. Kennedy, Marvin Trevathan, and Tom D. Rowell, Jr., Asst. Attys. Gen., for appellants.

Hill & Bath, of Henderson, for appellee.

McCLENDON, Chief Justice.

Appeal by the State, Railroad Commission and its members from an interlocutory order dissolving a temporary mandatory injunction theretofore ordered requiring the receiver of oil producing, refinery, and transporting properties in the East Texas field to permit examination of the books of the business conducted by the receiver by the agents of the Commission in accordance with the conservation laws of the state (Vernon's Ann.Civ.St. art. 6034).

The suit was brought in the district court of Travis county against the receiver theretofore appointed by the district court of Rusk county for statutory penalties (Vernon's Ann.Civ.St. art. 6036) for violating the conservation laws in refusing examination of the books; and for ancillary relief. The special judge presiding granted the temporary injunction upon the properly verified petition of appellants. Thereafter the receiver moved to dissolve the injunction. The motion did not traverse any fact allegation of the petition, but was predicated alone upon the proposition that the court was without jurisdiction to issue the injunction against the receiver appointed by a court of coordinate jurisdiction, because in effect the order "interferes with the possession, management, operation, control and supervision of the properties" held by the receiver under appointment by the Rusk county court.

The correctness of this contention is the only issue the appeal presents.

Appellee concedes that the suit was properly brought and the venue properly laid in Travis county; and that the trial court had jurisdiction to render (but not to

enforce by execution) a monetary judgment against the receiver.

Whether the trial court had jurisdiction to issue the injunction depends upon whether its effect was to interfere with the administration (management, control, and disposition) of the property in custody of the receiver. This issue was adjudicated in principle adversely to appellee by the decision in Prince v. Miller, 123 Tex. 118, 69 S.W.(2d) 52, 54 (opinion by Mr. Justice Sharp). That was an original proceeding in the Supreme Court seeking a writ of prohibition against the district judge of Brown county restraining enforcement of a temporary injunction against a receiver appointed by the district court of Dallas county, which temporary injunction restrained the receiver from disposing of certain securities held by him as such receiver. The Brown county suit was against the receiver for title and possession of the securities, predicated upon allegations that they had been obtained from plaintiff by fraud of the corporation whose property was in receivership. The writ was denied upon the holding that "Suit may be maintained by J. N. Arvin in the district court of Brown county against the receiver for the return of the collaterals and the cancellation of the two notes held by him because of the alleged fraud and deceit in obtaining them, by Lloyds and its agents in Brown County, and the trial court had the right to protect by proper process the subject-matter of the suit pending a final determination of the issues involved therein. Articles 2310 and 2311, Revised Civil Statutes 1925; Kirby v. Dilworth & Marshall (Tex.Com.App.) 260 S. W. 152; Bowles v. Mitchell (Tex.Com. App.) 245 S.W. 74; Paine v. Carpenter, 51 Tex.Civ.App. 191, 111 S.W. 430; Eaton v. Whisenant et al. (Tex.Civ.App.) 50 S.W. (2d) 1109."

Receivers are expressly made amenable to the conservation laws, as are other individuals; and may in like manner be proceeded against for violation of such laws.

Venue of such enforcement suits is laid in Travis county in order to facilitate the enforcement officials in the effective discharge of their duties. We cannot see, nor does appellee point out, wherein the possession, operation, control, or disposition of the property in the receiver's hands would in any material way be interfered with by an examination of the books of the receiver's business by officials clothed with the power and charged with the duty of making such examination. Certainly such examination would be far less an interference with administration of property in the receiver's custody than a judgment of another court restraining him from disposing of property in his custody, and ordering him to deliver it to one adjudged by such other court to be its rightful owner and entitled to its possession, as was held in Prince v. Miller.

The order dissolving the injunction is set aside, the injunction is reinstated, and the cause remanded to the trial court.

Injunction reinstated, and cause remanded.