## C. W. Curtis v. Honorable J. D. Moore, District Judge.

Motion No. 13249.   Decided December 18, 1937.
(110 S. W., 2d Series, 1146.)

*Hill & Bath, J. Franklin Spears, A. A. Spears,* and *Conger, Low & Spears,* all of San Antonio, for relator.

*William McCraw,* Attorney General, *W. J. Holt, C. M. Kennedy,* and *Earl Street,* Assistants Attorney General, for respondents.

Mr. Chief Justice Cureton delivered the opinion of the Court.

This cause is before us on motion for leave to file a petition for writ of prohibition. The facts leading up to the proceeding may be stated as follows:

On the 12th day of March, 1936, in Cause No. 12109A, styled Errol C. Holt v. Tyreco Refining Company et al., the district court of Rusk County appointed C. W. Curtis receiver of the properties of the Clay Refining Company and the Tower Refining Company, corporations chartered under the laws of Texas, and doing business in Arp, Smith County, Texas, and in Overton, Rusk County, Texas, respectively. Curtis qualified and entered upon his duties as such receiver. On the 23d day of September, 1936, a special judge of the 98th District Court of Travis County, in Cause No. 57588, styled State of Texas v. C. W. Curtis, Receiver, granted a mandatory injunction against him as receiver, in an action brought by the Attorney General for and on behalf of the State through its Railroad Commission. The action was brought for violating Revised Statutes, Article 6036, relating to the conservation laws of the State, and its purpose was to mandatorily require the receiver to permit the Railroad Commission to exercise its visitorial powers in accordance with the statute. The receiver moved to dissolve this injunction. The motion, however, did not traverse any fact allegations of the petition, but was predicated alone upon the proposition that the district court of Travis County was without jurisdiction to issue the injunction against the receiver appointed by a court of co-ordinate jurisdiction, because in effect the order "interferes with the possession, management, operation, control, and supervision of the properties held by the receiver under appointment by the Rusk County court." The motion to dissolve was granted by the trial court, and the case was appealed to the Court of Civil Appeals at Austin. The Court of Civil Appeals at Austin set aside the dissolution of the injunction, and reinstated the same, holding that the receiver could be proceeded against for violation of the conservation laws, in like manner as other individuals, and that the district court of Travis County had jurisdiction to enter the mandatory order. It accordingly remanded the cause to the district court of Travis County. State v. Curtis, 100 S. W. (2d) 735. On the 11th day of August, 1937, the State, through its officers and agents, filed in the Travis County case a motion and caused a citation for contempt to issue, in which it was alleged that Curtis, the receiver appointed by the Rusk County court, had violated the temporary mandatory injunction of the Travis County court, above described, prayed for service of notice and that upon hearing Curtis be held and punished for contempt by the 98th District Court of Travis

County. On the 16th of August, 1937, the Honorable J. D. Moore, Judge of the Travis County district court, entered an order directing the motion and citation for contempt to be heard on the 6th of September, 1937, and ordering Curtis, the receiver, to appear at Austin, in Travis County, for such purpose, and to show cause, if any, why he should not be held in contempt of the Travis County district court for violating the temporary mandatory injunction issued. Notice was issued and served on Curtis, who appeared, and by verified pleadings answered, among other things, that he should not be held in contempt of the 98th District Court of Travis County because he was a receiver appointed by a court of co-ordinate jurisdiction,—namely, the district court of Rusk County, as we have heretofore stated; and pleaded that the district court of Travis County was without jurisdiction to enforce an order or judgment against him as receiver, without the consent of the district court of Rusk County, which appointed him receiver; and that the district court of Travis County was without jurisdiction to enter a judgment punishing him for contempt, for the reason that to do so would be to interfere with the operation, management, and control of the properties in custody of the Rusk County district court. Judge Moore overruled the receiver's objection and proceeded to trial, hearing evidence from time to time up until the 11th day of December, 1937, when he adjourned the hearing until the 18th day of December, 1937. At this stage of the proceedings Curtis, the receiver of the Rusk County court, by his counsel, appeared in chambers before the CHIEF JUSTICE of this Court, at a time when counsel for the State were also present; and, after presenting the matter of the controversy at some length, he was permitted to file his motion for leave to file his petition for writ of prohibition. The motion for leave was filed, accompanied by his application for the writ and other papers showing the history and status of the controversy.

The question before us is whether or not we shall permit the petition for writ of prohibition to be filed and be heard by this Court.

We have above adverted to the fact that the question of the right of the Railroad Commission to exercise its visitorial powers over the receiver was determined in favor of the State by the Court of Civil Appeals in the case of State v. Curtis, supra, and that the question of the jurisdiction of the Travis County district court was determined adversely to Mr. Curtis. No application for writ of error was made from the decision of the Court of Civil Appeals, and the jurisdiction of this Court was in no manner invoked in that cause. The only question we find neces-

sary to consider and decide is whether or not, under the facts before us, this Court has jurisdiction to hear the application for writ of prohibition. We have concluded that we have no such jurisdiction under well-established rules and principles of law governing us.

■■ It is quite elementary that the Supreme Court of this State has no power of general supervision over inferior courts. Control of their proceedings is purely appellate in its nature, with certain well-defined exceptions, and authority to issue a writ of prohibition is limited by law to the protection of, or as an aid to, the exercise of the Supreme Court's own jurisdiction. Section 3, Article 5, Texas Constitution; 33 Texas Jurisprudence, p. 928, Sec. 7; Milam County Oil Mill Co. v. Bass, 106 Texas 260, 163 S. W. 577.

■ In the instant controversy Judge Moore, the District Judge of Travis County, is engaged in the trial of a case,—or, rather, one branch of a case,—namely, to determine whether or not Mr. Curtis, who is charged with violating an injunction issued by the Travis County court, is guilty of contempt of the court. The trial has not been finished. It is true that Judge Moore has progressed to the point of overruling Mr. Curtis' plea to the jurisdiction of the court, but as yet he has not determined the guilt or innocence of Mr. Curtis, nor has he entered any decree or order punishing him. We know of no rule of law by which the Supeme Court, even if otherwise clothed with jurisdictional power, can try a case on the installment plan. It may be that on final hearing the very issues here involved will be determined favorably to Mr. Curtis. If so, there will be no necessity of any application to this Court for relief. But if they should be determined adversely to him, and should the court enter a void decree in so determining the law adversely to him, he still has open one of the oldest remedies, and perhaps the noblest remedy,—at least the one which has been most revered and safeguarded through the centuries,—namely, the remedy of habeas corpus for his void imprisonment.

We have not, of course, considered the question of the validity or invalidity of anything that Judge Moore might do, and do not in the remotest degree intimate what our conclusion might be; for as to that we know no more than counsel. Nor have we considered the question as to whether or not any decree entered by Judge Moore would be adverse to or in conformity with the opinion of the Court of Civil Appeals in State v. Curtis, 100 S. W. (2d) 735,—and have not considered whether or not such a ruling might furnish a potential field for the exercise of the

power of the Court of Civil Appeals by prohibition or mandamus. All that we have here considered, and all that we have here decided, is that we have no jurisdiction of the application for writ of prohibition in the instant case.

The motion for leave to file the application for writ of prohibition is overruled.

Opinion delivered December 18, 1937.