### KELLY et al. v. LOBIT et al.

#### No. 11022.

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1940.

Stewart & DeLange and Albert J. De-Lange, all of Houston, and Byron Economidy, of Galveston, for respondents.

GRAVES, Justice.

This is a recrudescence of essentially the same application to this court for a writ of prohibition that was by it dismissed, without prejudice, for the want of necessary parties, on December 7, 1939, through judgment and opinion in No. 10,875, Kelly et al. v. Lobit et al., Tex.Civ.App., reported in 134 S.W.2d 428; the only material difference between the two applications being that, in lieu of those named in the former opinion, the parties to the present proceeding are these: "Donald S. Kelly, Individually and as Administrator of the Estate of Myrtle E. Lobit Kelly, deceased, and as Guardian of the Estate of Joseph E. Lobit, Jr., a minor, and said Joseph E. Lobit, Jr., all of Harris County, Texas, Relators; and Hon. Charles G. Dibrell, in his official capacity as Judge of the 56th District Court of Galveston County, Texas, who resides in Galveston County, Texas, and Louis G. Lobit, Bertha Lobit Wilson, a feme sole, and Edgar Lobit, residents of Harris County, Texas, and Paul Lobit, a resident of Galveston County, Texas, Respondents."

Since both the gist and objective of the proceeding was fully given before in the cited opinion, it becomes unnecessary to repeat it here; indeed, as indicated, there are no material differences between the two applications, other than the addition of the new parties to the present one, the cause of action declared upon, as well as the considerations and authorities depended on for the support thereof, being in all substantial respects identical.

As it did before, this tribunal has given painstaking consideration to the matter, including the hearing of oral arguments from both sides thereon, with the result that—not being clearly of opinion, from the facts stated in the petition, along with the arguments and authorities adduced in support thereof, that the writ should be awarded, it will be refused, upon these among other considerations:

(1) Since the ultimate objective is to harness the discretion of the 56th District Court, at least to the extent of nullifying its power to try the partition-suit at Galveston until the accounting-suit in the 113th District Court at Houston

Franklin & Blankenbecker, L. E. Blankenbecker, and A. D. Dyess, all of Houston, for relators.

has been first tried, on the theory that the latter's jurisdiction supersedes that of the former to go on with the land-partition hearing at Galveston, because it was filed first, this court is not satisfied that such dominating prior and exclusive jurisdiction over the land-partition proceedings in Galveston County exists in the Harris County cause;

■ (2) The two suits in the different counties are obviously not identical, either as to subject-matter, parties, or things cognizable; this, for the reason that No. 54,277 at Galveston has to do solely with the partition of particular tracts of land located in that county, with all necessary parties in a partition-proceeding in that court; whereas, that in No. 245,873, in Harris County is essentially different, distinct, and still is not between the same parties, Bertha Lobit Wilson and Edgar Lobit, both being joint-owners with the others of the Galveston County lands and named with them in the partition-suit there, are not made parties in the Harris County suit; further, the controlling cause of action declared upon in the Harris County suit is against Louis Lobit and Paul Lobit for an accounting by them, either as executors or resulting trustees of their father's estate, together with a contingent or subsidiary declaration of a right to recover from them certain interests therein. Holcombe v. Hanbury, Tex. Civ.App., 63 S.W.2d 735;

■ (3) It now appears undisputedly in this record that the 113th District Court in No. 246,873 has heretofore sustained a plea of privilege of defendant Paul Lobit therein to be sued on such claims in Galveston County, where he resides; that the plaintiffs in that suit have appealed from such order pursuant to R.S. Article 2008 to this court, where the matter is now pending, but have failed to exercise their privilege under that statute and this Court's rule No. XI(a), to move for advancement of a hearing thereon here, consequently such appeal has not been reached for disposition by this court;

■ This record also discloses these two prior procedures to have been taken heretofore in relation to features of the cause of action so declared upon by such plaintiffs in the Harris County suit, No. 246,-873, towit:

First, they formerly filed an action in the probate court of Galveston County seeking to review the acts of Louis and Paul Lobit as executors of their father's estate, which was determined adversely to them by that court, and they did not appeal from such determination within the time provided by law; R.S. Article 1995, subdivision 18.

Second, they later appeared in the Galveston County suit, No. 54,277, and presented pleas to the jurisdiction and in abatement of the matters therein involved, on the ground that the jurisdiction to determine them had already been acquired by the district court of Harris County in its No. 246,873, which pleas having been overruled, were likewise not prosecuted further through an appeal from that order; Prince v. Miller, 123 Tex. 118, 69 S. W.2d 52; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663.

■ (5) In the circumstances, all the lands involved therein lying in Galveston County, all the joint-owners being before the court there, and no other res being involved, under the statute covering such partition proceedings, R.S. Article 6086, it is not perceived why the relators here cannot get the same relief from that court —in so far as affects these particular tracts of land only—that they could in their Harris County suit, the jurisdiction to determine their interests, whatever they may be, and as affected by the matters they declare upon in Harris County, appearing to be within the power of the Galveston Court to determine; wherefore, it is not clear as to just how relators would suffer any loss of right or privilege, or find any lack of power to determine them, as to those tracts of land, by so asserting them in the Galveston County District Court. Stanolind Oil & Gas Co. v. Edgar, Tex. Civ.App., 98 S.W.2d 222, error dismissed.

■ (6) Neither is it perceived that the mere prior filing of the suit for accounting in Harris County has, perforce, conferred upon that court enveloping jurisdiction over all the parties and the land in Galveston County, to the extent of ousting completely the statutory-power under R.S. Articles 1995, subdivision 13, and 6086, supra, of the district court where the land lies, with all parties interested therein before it, to determine their particular partition-rights and equities in that land only.

(7) These being the inhering conditions here, it is concluded that the issuance of the extraordinary writ of prohibition in such instance would constitute an action

resting, at least, upon a doubtful construction, which is contrary to established authority and precedent; 33 Tex.Jur., "Prohibition", page 925, par. 4, and cited authorities.

Writ refused.