## McMURREY REFINING CO. v. STATE.

### No. 9165.

Court of Civil Appeals of Texas.    Austin.

March 12, 1941.

Rehearing Denied April 2, 1941.

Joe Hill, of Henderson, and Herman Jones and Dan Moody, both of Austin, for appellant.

Gerald C. Mann, Atty. Gen., and Tom D. Rowell, Jr., and James P. Hart, Asst. Attys. Gen., for appellee.

McCLENDON, Chief Justice.

This is an appeal by the McMurrey Refining Company from an interlocutory order granting, ex parte, a temporary mandatory injunction commanding and directing appellant "forthwith and immediately (to) exhibit and deliver over to the Railroad Commission of Texas, its agent or agents, each and all," its record books covering the period December 1, 1938, to December 1, 1939, in connection with the oil business owned and operated by that company; said injunction to remain in full force and effect until the hearing of the cause upon the merits. The suit in which the injunction was issued was one brought in the name of the State by the Railroad Commission through the Attorney General, under authority of Art. 6049e, Sec. 13, V. T.R.C.S. to enforce the visitorial provisions of Art. 6049c, Sec. 5, regarding inspection of records. The verified petition, upon which the injunction was granted, alleges that request for the examination of the records was made on four separate dates (January 21, 27, 28 and 30, 1941), and was refused.

The pertinent portions of Art. 6049c, Sec. 5, read: "Sec. 5. The Commission shall have the power, and it shall be its duty, from time to time to inquire into the production, storage, transportation, refining, reclaiming, treating, marketing or processing of crude petroleum oil and natural gas, and the reasonable market demand therefor, in order to determine whether or not waste exists or is imminent, or whether the oil and gas conservation laws of Texas or the rules, regulations, or orders of the Commission promulgated thereunder are being violated. It shall be the duty of all persons producing, storing, transporting, refining, reclaiming, treating, marketing, or processing crude petroleum oil or natural gas or the products of either to keep in this State accurate records as to the amount produced, stored, transported, refined, reclaimed, treated, marketed or processed by such person; and as to the source from which such person has produced, obtained or received crude petroleum oil, natural gas or the products of ei-

ther, and the disposition made of same. The Commission shall have the power to require all such persons to make and file with the Commission sworn statements or reports as to facts within their knowledge or possession pertaining to the reasonable market demand for crude petroleum oil and to the production, storage, transportation, refining, reclaiming, treating, marketing, or processing of crude petroleum oil or natural gas and products of either, including those facts enumerated herein; and to require any well, lease, refinery, plant, tank or storage, or pipe line, or gathering line, belonging to or under the control of any such person to be inspected or gauged by the agents of the Commission whenever and as often and for such periods as the Commission may deem necessary; and the Commission and its agents and the Attorney General and his assistants and representatives may likewise examine the books and records of any such person as often as deemed necessary for the purpose of ascertaining the facts concerning the matters and things hereinabove set forth."

Art. 6049e, Sec. 13, provides that whenever there is a violation or threatened violation of any provision of the conservation laws, the Attorney General shall bring suit in the name of the State "to restrain such person from violating such Statute * * or any part thereof; and in such suit the Commission in the name of the State * * may obtain such injunctions, prohibitory and mandatory, including temporary restraining orders and temporary injunctions, as the facts may warrant."

Appellant has briefed the case under seven propositions, the first six of which urge the following asserted grounds of invalidity of the trial court's order in granting the injunction:

1. The verified petition is insufficient to support any temporary injunction in that it does not allege specific facts "showing that such was necessary to prevent actual or imminent substantial injury to Plaintiff for which it is afforded no adequate remedy at law."

2. The injunction being mandatory and affording all the relief which was sought in the suit upon its merits, it destroyed the status quo, which is not a legitimate function of a temporary injunction.

3. The petition failed to show that a temporary mandatory injunction "was necessary to prevent extreme hardship but did show that a prohibitive injunction or restraining order would have been in all things sufficient to protect Plaintiff pending hearing on the cause."

4. The temporary mandatory injunction without notice was improper since "it is apparent from Plaintiff's petition that, in balancing the equities, greater injury will be suffered by Defendant if the temporary injunction be granted and Defendant ultimately prevails than would be suffered by Plaintiff if the injunction be denied and Plaintiff ultimately prevails."

5. The petition was insufficient in that there were no "positive allegations showing that such books are in existence and that Defendant has them in its possession and is able to comply with the injunction order prayed for."

6. The petition was insufficient in that it "failed to allege that the purpose of the requested examination was a reasonable and legal purpose and failed to allege facts showing the basis of any administrative determination that such inspection was necessary."

We have reached the conclusion (1) that the petition was sufficient to support a temporary mandatory injunction issued after notice and hearing; but that (2) it was not sufficient to warrant such injunction, without notice and hearing, in that no fact was alleged from which the inference could be drawn that the delay incident to notice and hearing would work irreparable injury or "extreme hardship" on the State.

It is quite apparent that the above quoted portion of Art. 6049c, Sec. 5, was enacted in the interest of conservation of oil and gas (natural resources of the State); and that the visitorial powers regarding inspection of records were granted the Commission in order to enable that body to obtain accurate data upon which to predicate appropriate action in properly discharging the duties enjoined upon it as the agency of the State to administer its conservation laws. The validity of the section was upheld by this court in Culver v. Smith, 74 S.W.2d 754, error refused, wherein it was held that the language of the section imports that the demand for inspection must be a reasonable one, and not arbitrary or capricious.

Generally speaking, it is true that the proper function of a temporary injunction is to preserve the status quo

pending final adjudication. It is also true, generally speaking, that a temporary injunction may not be resorted to for obtaining all the relief which is sought in the main suit. These rules, however, are not arbitrary, and therefore yield to exception in appropriate cases.

■ The State contends that the status to be preserved was the situation created by the statute which imposed the continuing obligation on those engaged in the stated branches of the oil business to make available to the Commission for inspection their books and records whenever reasonably demanded by the Commission for the purposes for which the authority to examine was vested in the Commission. We are strongly inclined to accept this view which is, we think, supported in principle by the holdings in Alpha Petroleum Co. v. Railroad Commission, Tex.Civ.App., 59 S.W.2d 374, error dismissed, and Railroad Commission v. Real, Tex.Civ.App., 80 S.W.2d 494. A closer analogy, however, is presented in that class of cases which hold that the status quo in actions to enforce a mandatory statutory duty of the nature in question "is a condition of action and not of rest," the disturbance of which lies, not in enjoining mandatorily compliance with it, but in failing or refusing to comply. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to to obtain all relief sought in the main action; and, such temporary injunction may be mandatory in character, and, where the situation otherwise warrants it, may be granted ex parte. This principle has been applied in the following cases, which (except as to the ex parte feature, discussed later) are practically on all fours with the instant case. In Texas Pipe Line Co. v. Burton Drilling Co., Tex.Civ.App., 54 S. W.2d 190, an ex parte temporary mandatory injunction requiring a pipe line to receive and transport oil tendered by plaintiff was upheld. Similarly, an ex parte temporary mandatory injunction requiring a telephone company to give telephone service to those offering to pay the contract price was upheld in Athens Tel. Co. v. Athens, Tex.Civ.App., 163 S.W. 371, error refused. In Dallas v. McElroy, Tex. Civ.App., 254 S.W. 599, 601, a temporary mandatory injunction (issued after notice and hearing, however) requiring the city to issue a building permit was upheld, the court holding: "In cases of willful and unlawful invasion of a plaintiff's right, the injury being a continuing one, a preliminary mandatory injunction will issue, it appearing to the court that full and adequate relief at law is not afforded."

Missouri, K. & T. Ry. v. Seeger, Tex. Civ.App., 175 S.W. 713, upheld a temporary mandatory injunction (issued after notice and hearing) requiring the railway to switch cars to a spur.

■ In Toledo Ry. v. Pennsylvania Co., C.C., 54 F. 730, 741, 19 L.R.A. 387, Judge Taft, then a United States circuit judge, later Chief Justice of the United States Supreme Court, granted a temporary mandatory injunction requiring connecting carriers to receive and transport the cars of plaintiff. The injunction was issued after notice and hearing, but meantime a temporary restraining order of like tenor was issued ex parte. We quote from the opinion: "The office of the preliminary injunction is to preserve the status quo until, upon final hearing, the court may grant full relief. Generally this can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury upon complainant, which he appeals to a court of equity to protect him from. In such a case courts of equity issue mandatory writs before the case is heard on its merits. Robinson v. Lord Byron, 1 Brown Ch. 588; Lane v. Newdigate, 10 Ves. 192; Hervey v. Smith, 1 Kay & J. 392; Beadel v. Perry, L.R. 3 Eq. 465; London & N. W. Ry. Co. v. Lancashire & Y. Ry. Co., L.R., 4 Eq. 174; Whitecar v. Michenor, 37 N.J. Eq. 6; Broome v. Telephone Co., 42 N.J. Eq. 141, 7 A. 851."

These citations announce the principles which we think control the appeal. It is only necessary to apply them to the allegations of the petition upon which the injunction was granted.

■ We think it clear that the statute (Art. 6049c, sec. 5) imposes an imperative continuing duty on all persons coming within its purview to make accessible to the Commission at all reasonable times, their records for inspection when demanded by the Commission in connection with its duties in administering the conservation statutes; and that Art. 6049e, sec. 13, authorizes the issuance of a tem-

porary injunction to enforce obedience to the statute. The petition in this case was amply sufficient to support a temporary mandatory injunction issued after notice and hearing. It alleged that appellant was then and had been since about December 1, 1938, engaged "in the oil business in this state and in connection therewith purchases, stores, transports, produces, sells and refines large quantities of oil and gas and the products thereof." It sets out the substance of the applicable statutes; alleges:. The necessity for the record examination in connection with the duties of the Commission in administering the conservation laws; the several demands above noted for such inspection and their refusal; that because of such refusal it is impossible for the Commission to comply with the laws of the State; that unless mandatorily enjoined appellant will continue its refusal "to the irreparable damage and injury of plaintiff, for which plaintiff herein has no adequate remedy at law."

█ With reference to the sufficiency of the allegations of irreparable injury, or, as it is sometimes referred to, "extreme hardship," we think we may fairly take judicial knowledge of the fact that the delay incident to obtaining a final decision on the merits with the right of appeal with supersedeas would constitute such an impediment to a proper administration of the conservation laws as would amount to an irreparable injury or "extreme hardship" in the performance of an outstanding governmental function—that of conserving one of the most important natural resources of the State. We hold it was not necessary, therefore, to allege a specific factual situation demonstrating such irreparable injury; but, on the contrary, the above general allegation was sufficient in connection with the other facts alleged.

As regards the fifth proposition, it is only necessary to say that it was not requisite that appellee allege that appellant actually kept the required records, that they were then in existence and that appellant was able to produce them. The petition did allege the conduct of the business during the period and the statutory requirement to keep the records. Nor do we think it necessary to allege specifically that the requested examination "was a reasonable and legal purpose"; however, such purpose is implicit in the allegations that the examination was essential to a proper exercise of the administrative duties in connection with the conservation laws and that the demands were made in the performance of such duties.

█ We come now to consider the sufficiency of the allegations to support an ex parte mandatory injunction. The general rule applicable is that the petition must allege a state of facts sufficient to show, not only that irreparable injury will result pending a hearing on the merits, but that the delay incident to notice and hearing of the application for temporary injunction will work irreparable injury. "Where the order is sought without a hearing, the petition must state facts showing an immediate and pressing necessity for dispensing with previous notice and hearing, especially if a mandatory writ be sought." 24 Tex.Jur. p. 221, § 166. There is no allegation of fact supporting such irreparable injury; nor do we find anything in the nature of the subject that would warrant the necessary conclusion that the delay incident to the brief period required for notice and hearing, would work irreparable injury. We believe the above decisions which uphold temporary mandatory injunctions issued ex parte, are distinguishable in their facts from the instant case in this particular regard. Appellee cites in this connection the case of State v. Curtis, 100 S.W.2d 735, decided by this court, as directly in point. Manifestly such is not the case. The appeal in that case was from an order dissolving a temporary mandatory injunction, issued ex parte. The injunction was against the receiver of oil refineries under appointment of a district court in East Texas. The receiver moved to dissolve the injunction upon the sole ground that the trial court (district court of Travis County) was without jurisdiction to make the order, in that it constituted an interference with the jurisdiction of the court appointing the receiver. There was no traverse of any factual allegation in the petition. The trial court sustained the motion to dissolve and the appeal was from the order of dissolution to this court. It is expressly stated in our opinion that the correctness of the receiver's contention that the court was without jurisdiction to enter the injunctive order "is the only issue the appeal presents." Upon holding that the court had jurisdiction in the matter, we set aside the order dissolving the injunction, and reinstated the injunction. Manifestly, the decision there, limited as it expressly

is to the question of jurisdiction, has no bearing upon any of the questions presented in this case.

Appellant's seventh proposition complains of that portion of the order which requires it to deliver possession of certain of its books and records to the Commission or its agent for the reason that there is no provision of law requiring such delivery of possession. This point we think is well taken. The statute in question only provides for an "examination" of the books and records.

The order appealed from is set aside, the ex parte temporary injunction dissolved and the cause remanded to the trial court for further proceedings. This order, however, is without prejudice to the appellee's right to seek any further relief in the trial court not inconsistent with the holdings in this opinion.

Temporary injunction dissolved; cause remanded.