**LOPP v. PERRY et al.**

No. 14817.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 3, 1942.

Marvin Roberson, of Fort Worth, and Charles M. Cocke, of Dallas, for relator.

No appearance for respondents.

McDONALD, Chief Justice.

This cause is before us on motion for leave to file a petition for writ of prohibition.

From the petition for the writ, which accompanies the motion, and from the exhibits attached thereto, although the allegations in the petition do not in all respects correspond with the accompanying exhibits, the following facts appear:

All of the proceedings referred to were had during the current year. On May 6th, P. O. Lopp, who seeks the writ of prohibition, filed a suit in the 67th District Court of Tarrant County against Gulf Oil Corporation, as defendant. It is alleged here that Lopp, in his original petition, filed said suit for a debt of $645 due for oil runs.

On May 30th, Gulf Oil Corporation filed in said suit a general denial, and also a pleading which it designated a cross action and a bill of interpleader, complaining of P. O. Lopp, as well as numerous other persons who had not previously thereto been made parties to the suit. In said last mentioned pleading it was alleged in substance that Gulf Oil Corporation had purchased the oil produced from certain land which had been described in plaintiff's petition, and that it was currently purchasing the oil produced therefrom, and that it would continue to do so in the future; that Gulf Oil Corporation had made payments therefor to the persons named in the cross action other than said P. O. Lopp; that Gulf Oil Corporation then had in its possession for the account of those who might be determined to be entitled to receive it the sum of $2,-302.85; that a controversy had arisen between plaintiff Lopp and the other persons named in the cross action as to the amount of money due each; that Gulf Oil Corporation was ready to pay the money on hand and all future royalties to the rightful owners; and judgment was sought for a determination of the shares in said royalty due to the persons referred to.

The petition for writ of prohibition recites that on July 25th, "Oscar Perry et al"

filed their plea of privilege to be sued on the interpleader in Marion County. We are not otherwise advised as to which of said persons filed pleas of privilege.

One of the exhibits mentioned appears to be a copy of an order of the 67th Court, made on July 30th, in which it is recited that said court had theretofore, on July 13th, transferred the entire case to the District Court of Marion County, by reason of the fact that no controverting affidavits had been filed. Said order of July 30th further recites that it appeared to the court that Gulf Oil Corporation had filed an answer to plaintiff's cause of action, but that it had filed no plea of privilege and that the court (the 67th District Court of Tarrant County) "upon its own motion feels that the original order heretofore entered herein on July 13th, 1942, should be set aside insofar as the defendant Gulf Oil Corporation is concerned", and said order proceeded to find that the cause of action was severable, and that all of the pleas of privilege filed by the interpleaders were not controverted, and that the court was of opinion that he should enter an order transferring the cause of action insofar as all of the interpleaders were concerned to the District Court of Marion County, under such pleas of privilege. It was then ordered and decreed by the court, on the court's own motion, that the pleas of privilege of the interpleaders were sustained, and that the venue of the cause of action insofar as they were concerned should be, and was, transferred to the District Court of Marion County, but that the cause of action insofar as the Gulf Oil Corporation was concerned should remain in the 67th District Court of Tarrant County. Our interpretation of the order of July 30th is that it severed the cause of action originally filed by the plaintiff Lopp against Gulf Oil Corporation from the cause of action asserted by Gulf Oil Corporation against the so-called interpleaders; that the venue of the original suit brought by Lopp against Gulf Oil Corporation was retained in Tarrant County, and that the cross action and interpleader suit brought by Gulf Oil Corporation against the others mentioned was transferred to Marion County. Although it is not necessary to decide the question here, the terms of the order indicate to us that the trial court intended that all matters in controversy between Lopp and the Gulf Oil Corporation should remain for trial in Tarrant County.

We have used the term "interpleaders", as designating the defendants named in the cross action and bill of interpleader filed by Gulf Oil Corporation, because they were so referred to in the order of the Tarrant County District Court, dated July 30th, above mentioned. From the context of such order it is clear that the trial court had reference to those who had been interpleaded.

On July 27th, the plaintiff Lopp filed in the Tarrant County suit a pleading, which he styled his first supplemental petition, in which he moved the court to strike the above mentioned bill of interpleader of Gulf Oil Corporation, on grounds not necessary here to set out.

The petition for writ of prohibition recites that the aforementioned pleas of privilege were filed on July 25th, and that they were sustained on July 30th, but no copies of such pleas or of the order transferring the cause are set out in the petition, the only information we have concerning same being that which is indicated in the court's order of July 30th, which we have described above.

On July 29th, Oscar Perry, one of those named in the above mentioned pleading, filed by Gulf Oil Corporation, and his wife, filed a suit in Marion County against said P. O. Lopp, seeking a cancellation of the mineral deed by virtue of which Lopp claimed a right of recovery in the Tarrant County suit. On the same day the District Court of Marion County issued a temporary restraining order, upon application of said Perry and wife, enjoining said Lopp from further proceeding in the Tarrant County suit, and commanding him to appear in the Marion County court on August 8th, to determine whether a temporary injunction should issue.

The petition for writ of prohibition recites that said Lopp, by his attorney, appeared in the Marion County court and filed a plea in abatement to said suit, a purported copy of which plea in abatement is attached to the petition for writ of prohibition. An examination of such plea shows that Lopp therein challenged the jurisdiction of the Marion County court to entertain the petition for injunction, on the ground that, under Art. 4656, R.C.S., said writ of injunction should have been made returnable to the Tarrant County court, rather than to the Marion County court.

258

The so-called plea in abatement does not challenge the jurisdiction of the Marion County court upon any theory that the Tarrant County court had theretofore acquired jurisdiction of the controversy by reason of the prior filing of the suit of Lopp against Gulf Oil Corporation.

Accompanying the petition for writ of prohibition is an instrument in writing, signed by the clerk of the Marion County District Court, and bearing his seal, reciting that a hearing was set on the restraining order issued by the Marion County District Court for 10:00 o'clock A.M., August 8th, and that as of the 19th day of August, no further orders had been entered in the cause. The only interpretation we are able to give this instrument, and we so interpret it for the purpose of this opinion, is that for some reason the District Court of Marion County issued no order upon the hearing of the restraining order, if a hearing was held, and that such restraining order thereby expired by operation of law, and is no longer in force.

The petition for writ of prohibition recites that plaintiff's attorney appeared at such hearing, but that the judge of the court did not appear, that the temporary restraining order expired, and that plaintiff did not have opportunity of presenting his so-called plea in abatement, and that no action was taken thereon.

The petition for writ of prohibition recites that, "on or about August 27th" said plaintiff Lopp filed in the Tarrant County District Court a supplemental petition making Oscar Perry and his wife parties to the suit. A copy of such petition reflects that it was an amended petition. The allegations with respect to Perry and wife are to the effect that Perry and wife are claiming some right and interest in the money alleged to be due plaintiff Lopp, all of which they had duly assigned to said plaintiff on or about February 7th, 1942, and had confirmed in writing on or about March 9th, 1942. The prayer is for judgment against Gulf Oil Corporation for $645, with interest, and, "that any and all claims made by Oscar and Addie Perry be divested out of them and quieted in the plaintiff", and for general and special relief.

On August 31st, Oscar Perry and wife filed, in the suit which they had theretofore filed in Marion County, an application for the issuance of a temporary restraining order and for an injunction, alleging that they had filed suit on July 29th, in Marion County, to set aside the mineral deeds to Lopp, that Lopp had instituted suit in the District Court of Tarrant County against Gulf Oil Corporation, seeking to recover certain royalties in the hands of the latter, and that unless Lopp were restrained and enjoined he would proceed to trial with his suit in Tarrant County, and that if he recovered against Gulf Oil Corporation, then Perry and wife would lose the royalties that rightfully belonged to them and would have no remedy to recover same. The application further alleged that the judge of the court was ill on August 8th, the date set for the hearing on the temporary restraining order which is above mentioned in this opinion. The application prayed that Lopp be restrained and enjoined from further proceeding with or trying the Tarrant County suit, until the Marion County suit could be tried and it could be determined whether Lopp owned the mineral interest referred to. A temporary restraining order was issued on the same day, and Lopp was ordered to appear before the Marion County District Court on September 5th, to determine whether a temporary injunction should issue.

At the time of presenting the motion for leave to file the petition for writ of prohibition in this court, counsel for Lopp orally stated that Gulf Oil Corporation had filed a motion in the Tarrant County cause to stay all proceedings therein until trial could be had on the cross action and interpleader action in Marion County. We find no reference to such in the petition for writ of prohibition or in the exhibits accompanying same. But whether or not such has been done is not material in view of the disposition we make of this matter.

The present status of the situation therefore appears to be that the District Court of Marion County has issued a temporary restraining order prohibiting Lopp from proceeding with the Tarrant County suit, and has ordered him to appear on September 5th, at a hearing to determine whether a temporary injunction shall issue. Under elemental principles the temporary restraining order will expire by operation of law on September 5th. We do not know what action the District Court of Marion County will take at that time. At this stage of the proceeding, we must pre-

sume that he will act properly with reference to any plea in abatement or any other defense which may be presented by Lopp.

It is apparent to us that the application made to us for a writ of prohibition is premature. The holding of our Supreme Court in Curtis v. Moore, 130 Tex. 396, 110 S.W.2d 1146, is in point.

It would likewise be premature for us to determine whether the situation comes within the rules announced in Texas Employers' Ins. Ass'n v. Kirby, 150 S.W.2d 123, by the Dallas Court of Civil Appeals, and case by the same style in 137 Tex. 106, 152 S.W.2d 1073, by the Supreme Court.

The motion for leave to file the application for writ of prohibition is overruled.