## LOPP v. PERRY et al.

### No. 14820.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 11, 1942.

Marvin Roberson, of Fort Worth, and Charles M. Cocke, of Dallas, for relator.

No appearance for respondents.

McDONALD, Chief Justice.

This cause is before us upon motion for leave to file a petition for writ of prohibition. The parties and law suits involved are the same as those referred to in our opinion of September 3, 1942. P. O. Lopp v. Oscar Perry et al., 164 S.W.2d 256. Reference is made to that opinion for a statement of the events which had occurred up to that time.

According to the petition for writ of prohibition now presented to us, P. O. Lopp, by his attorneys, appeared before the judge of the Marion County District Court on September 5th, in response to the show-cause order, at which time a hearing was had and a temporary injunction was issued, restraining Lopp from prosecuting or trying the Tarrant County case until the Marion County case should be tried, disposed of and final judgment therein entered, or until further order of the Marion County Court. The petition now before us further recites that the suit in Marion County, brought by Perry against Lopp, is set for trial on the merits on September 14th. The petition further recites that Gulf Oil Corporation has filed in the Tarrant County case a motion to stay further proceedings therein) until final disposition of the interpleader suit brought by Gulf Oil Corporation originally in the suit filed by Lopp in Tarrant County, and transferred upon plea of privilege to Marion County, as set out in our former opinion, and that a hearing upon such motion to stay is set for September 12th, in the Tarrant County District Court.

The motion for leave to file the writ of prohibition will be refused.

Much that is said in the opinion of the Galveston Court of Civil Appeals, in Kelly v. Lobit, 136 S.W.2d 642, is applicable to the situation now before us. Striking similarities are to be observed in the respective situations.

Stated briefly, Lopp first filed a suit for debt against Gulf Oil Corporation in Tarrant County. Gulf Oil Corporation filed a cross-action and an interpleader action in that suit. Upon pleas of privilege of some of the interpleaded defendants, the cross-action and interpleader action were

**260**

ordered transferred to the District Court of Marion County. Lopp filed in the Tarrant County case a motion to strike the interpleader suit. It seems to us that the transfer of the interpleader action to Marion County upon the pleas of privilege served to accomplish the very thing sought by Lopp's motion to strike the interpleader action. The effect of such was to leave pending in Tarrant County the suit as it was originally brought by Lopp against Gulf Oil Corporation.

On July 29th, Perry and wife brought their suit in Marion County, where the land in question lies, to cancel the mineral deed given to Lopp. Thereafter, on August 27th, Lopp amended his petition in the Tarrant County suit, making Perry and wife parties thereto, and seeking, apparently, to have adjudicated the question of the interest of the Perrys in the subject matter of the Tarrant County suit.

It appears doubtful to us, to say the least, whether the Tarrant County District Court acquired such enveloping jurisdiction over all the parties and the land in Marion County, to follow the language of Kelly v. Lobit, supra, as to oust completely the jurisdiction of the Marion County District Court to determine the issue of title presented in the suit brought by Perry against Lopp in the latter suit.

We see no reason why the remedy of appeal is not sufficient, in the present instance, to remedy the error committed, if any, by the Marion County District Court in issuing the temporary injunction.

In view of the doubtful status of the matter, it is our opinion that this is not a case where the extraordinary writ of prohibition should issue. The effect of issuance of the writ would be to review the action of the Marion County District Court in issuing the temporary injunction. It is by no means clear to us that we have jurisdiction to do this.

We consider that our views are in accord with the rules announced in Texas Employers' Ins. Ass'n v. Kirby, 150 S. W.2d 123, by the Dallas Court of Civil Appeals, which were expressly approved by the Supreme Court in a case by the same style in 137 Tex. 106, 152 S.W.2d 1073.

The motion for leave to file the application for writ of prohibition is overruled.